A. HUSTON vs. J. G. BERRY, Administrator—Appeal from San Augustine County.

A motion to dissolve an injunction may be taken and disposed of at any time before the cause is regularly reached on the docket or called for trial.

A party who is surprised by the decision of the court, in ruling out his testimony, may take a nonsuit, and afterwards move to set it aside and reinstate the cause on the docket, and an appeal will lie from the judgment of the court overruling such motion.

In our courts it is not proper for the judge to order a nonsuit in any case.

HENDERSON for appellant.

ARDREY for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court, Justice WHEELER not sitting.

This suit was brought by a petition for relief and for an injunction, enjoining an execution issued on a judgment obtained by the appellee against the appellant. At the next term of the court after the injunction had been obtained, before the suit had been regularly called for trial according to its standing on the docket, the appellee, by his counsel, moved the court to dissolve the injunction for want of equity in the petition; and also, at the same term, entered a motion to dissolve the injunction on the petition and answer. The appellant resisted these motions being taken up at that time, as appears by a bill of exceptions taken, insisting that neither of the motions could be taken up out of order, and before the case was regularly reached on the court docket. But the court overruled the objection, and dissolved the injunction on the first motion of the appellee, deciding that it was competent at that time to hear and determine either of the motions. The appellant then took a nonsuit and appealed. We believe the court was right in deciding that the two motions, one or both, could be taken up before the cause was regularly reached on the docket, because the granting either of them did not necessarily dispose of the case. The 54th section of the act regulating judicial proceedings, passed 13th May, 1846, only pro-

hibits the taking up a motion that finally disposes of the case, before it was regularly called in the progress of disposing of the suits on the docket.

The 156th section of the same act provides that upon the dissolution of an injunction restraining the collection of money by an interlocutory order of the district court, if, after such interlocutory order of dissolution, the petition is required to stand over for trial or rehearing as an original suit, the defendant is required to give security for refunding the money if the injunction should be made perpetual upon a final hearing.

This section certainly does not include motions to dissolve injunctions as of a character to dispose of the case. If the motion had been to dismiss the petition, it would have been objectionable to have taken it up out of time. But after the dissolution of the injunction, the petitioner might have demanded a trial of the facts and claimed a final hearing. Or it would have been competent for him to have moved to amend his petition, and presented such facts as to have entitled him to a decree in his favor on the trial on the merits.

We believe there was no error in deciding on the motion as to the time when taken up. And we cannot perceive that the court erred in the granting of the motion. The appellant took a voluntary nonsuit — this he had a right to do; but certainly could not appeal from his own act. If he had been surprised by a decision of the court that would exclude his evidence, and he had taken a nonsuit to prevent a verdict against him, and afterwards moved the court to set aside the nonsuit and for a continuance, an appeal would lie from the judgment of the court overruling such motion. This is believed to be in accordance with the case of Holderman vs. Craft, decided by the supreme court of the republic, and it is perhaps the utmost extent to which an appellate court should go in cases of voluntary nonsuit. On a motion to set aside a nonsuit, the action of the court below is not unlike its decision on a motion for a new trial, and to grant it, would in both instances often promote the ends of justice and provide against accident and surprise. It is the practice of some courts to order nonsuits on

different grounds, but most usually because the plaintiff has, in the opinion of the judges, failed in his evidence. This practice is liable to abuse, as placing the facts too much at the control of the judge, and withdrawing from the jury the privilege of passing on them. In most of the states, however, where the judge advises a nonsuit, the plaintiff may still go to the jury, if he insists on doing so. We do not believe, in our courts, that it is proper for the judge to order a nonsuit in any case. In this case, the party having taken a nonsuit after the order dissolving the injunction, had there been a judgment rendered, an appeal from it would have been dismissed with the judgment of the court for costs against the appellant, but there was no judgment rendered by the court below. The court might have rendered judgment for the plaintiff in execution, for damages on the dissolution of the injunction — and the fact of the nonsuit being taken could not impair that authority. To give this court an appellate jurisdiction, it was essential that a judgment should have been rendered. We have never been strict in requiring a formal judgment, but the record should always show that one had at least been substantially entered up. There should have been a judgment rendered for costs on the plaintiff's taking a nonsuit; this would have been sufficient to sustain the appellate jurisdiction.

There being no judgment in the court below, the cause must be stricken from the docket for want of jurisdiction in this court.