### W. R. BOYD, GUARDIAN, v. B. B. KIMBALL, EXECUTOR.

Decided March 1, 1899.

**Practice on Appeal—Setting Aside Nonsuit.**

Plaintiff can not successfully appeal from a judgment denying his motion to set aside a nonsuit by him because of the court's refusal to sustain his exceptions to a plea of res judicata in the defendant's answer, unless he has shown that he could have established the allegations of his petition, and also that those of the plea excepted to could have been substantiated in fact upon the trial.

APPEAL from Leon. Tried below before Hon. J. M. SMITHER.

*Boyd, Compton & Anderson,* for appellant.

*Thomas B. Greenwood & Son,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was instituted in the District Court by W. R. Boyd as guardian of the estate of the minor heirs of J. M. Hammett, deceased, against B. B. Kimbell, as independent executor of the estate of said decedent, for the purpose of having set aside to appellant, for the use of said minors, 180 acres of land alleged to have been the homestead of J. M. Hammett at the time of his death, and the rents that accrued thereon, and to have set aside to said minors certain alleged exempt personal property, and such an amount of money as might be deemed proper by the court in lieu of exempt property not in kind, and for one year's support of appellant's wards.

The appellee, defendant below, answered by general and special exceptions, a general denial, and pleas of not guilty and res judicata.

By a supplemental petition appellant, plaintiff below, specially excepted to the plea of res judicata.

The exceptions of appellant to appellee's plea of res judicata were overruled by the court, whereupon the appellant took a nonsuit, stating to the court at the time that he would subsequently make application to have the judgment of nonsuit set aside, and the cause reinstated upon the docket. In accordance with the statement such motion was subsequently made. The sole ground of the motion was that the court erred in overruling appellant's general and special exceptions to appellee's plea of res judicata. Other than this no reason is given or even hinted at in the motion for the court's setting aside the judgment of nonsuit entered at the instance of appellant.

This motion, upon being considered by the trial court, was overruled, and from the ruling of the court in refusing to reinstate the cause, this appeal is prosecuted.

*Opinion.*—The rule that a plaintiff who voluntarily suffers a judgment of nonsuit to be taken against him can not appeal therefrom (2 Encyclopedia of Pleading and Practice, 106, and authorities cited in note), has been modified in this State so as to permit an appeal from an order refusing to set aside such judgment of nonsuit in cases where the plaintiff was surprised by the rejection of legitimate evidence offered in support of his action. Houston v. Berry, 3 Texas, 235; Esterling v. Blythe, 7 Texas, 213. And this is said in Houston v. Berry, supra, to be perhaps the utmost limit to which an appellate court may go in case of a voluntary nonsuit. However, in Lockett v. Railway, 78 Texas, 211, it is held that where a petition states a good cause of action and there is evidence strongly tending to sustain the allegations and none contradictory, and the court instructed the jury to find for the defendant, the plaintiff was

under no obligation to permit a verdict to go against him, but might take a nonsuit, and that it was error to refuse a motion to set aside such judgment. In the case last cited, it seems that the Supreme Court has gone beyond the limit first prescribed in its decisions to which an appellate court may go in cases of a voluntary nonsuit. It appears to us that a charge obviously so erroneous as the one in the case of Lockett v. Railway, supra, could have been reviewed and corrected by an appeal from a judgment rendered upon a verdict returned in obedience to such charge, as well as upon a judgment of nonsuit, and that such an appeal would have been the proper method of revising and correcting such error.

However this may be, we know of no case where a nonsuit taken by the plaintiff because the court refused to sustain his objections to the defendant's answer has been reviewed upon appeal. If such judgment can be so reviewed, the motion in the trial court to set it aside must show something more than is set up in the motion in the case under consideration. It can not be assumed that the plaintiff, who has taken such a nonsuit, would have, had he proceeded with the trial, proved the allegations in his petition and established his cause of action. Unless he could have proven his alleged cause of action by competent evidence, no injury was done him by the failure of the court to sustain the exceptions to the pleadings of his adversary. It is nowhere shown in appellant's application to set aside the judgment of nonsuit that he could have established upon the trial the allegations in his petition. Nor can it be assumed that the defendant upon the trial of the cause would have established the allegations in his plea to which plaintiff's exceptions were interposed. If the allegations in the plea of res adjudicata were not true, or could not have been proven upon the trial, the plaintiff was not injured by the failure of the court to sustain his exception to such plea. It does not appear from the motion to set aside the nonsuit that the allegations in appellee's plea of res adjudicata could have been established upon the trial of the cause. Notwithstanding the action of the court upon appellant's exceptions, from aught that appears in his motion to set aside the nonsuit, had the case proceeded to trial upon its merits, judgment might have been rendered in his favor. Or it might have gone against him without any proof whatever being introduced by the appellee upon his plea of res judicata. Consequently it is not shown by appellant's motion to reinstate the cause that he was surprised, or that he has sustained any injury whatever by the action of the court in overruling it. Therefore the judgment of the District Court is affirmed.

*Affirmed.*

Writ of error refused.