# NO. 12-08-00500-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| *IN RE: ENERGY TRANSFER* | | |
| *FUEL, L.P.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
| | § | |

---

## *OPINION*

In this original mandamus proceeding, Relator, Energy Transfer Fuel, LP (ETF), complains of Respondent's November 17, 2008 order denying its motion to reconsider his ruling denying the release of a $25,000 cash bond posted by ETF.[1]  The bond was posted after ETF obtained an ex parte temporary restraining order against the real parties in interest, Clifton Bryan and Cindy Bryan.  ETF requests that this court direct Respondent to vacate his order denying ETF's motion to reconsider and issue an order granting the motion.  In an abundance of caution, ETF filed a notice of appeal following the dismissal of the underlying proceeding.  We deny ETF's petition.

## BACKGROUND

ETF is a public gas utility and has the right of eminent domain.  It also has the right to enter upon property to make preliminary surveys of proposed routes along which its gas pipelines may be constructed.  ETF requested permission to enter the Bryans' property to conduct surveying activities, but was refused entry.  Thereafter, on July 23, 2008, ETF filed a petition requesting a temporary restraining order (TRO) as well as temporary and permanent injunctions against the Bryans.

Respondent granted a TRO prohibiting the Bryans from interfering or attempting to interfere with ETF's right to enter and survey the route of its pipeline across the Bryans' property.  As a

---

[1] The respondent is the Honorable Dan Moore, Judge of the 173rd Judicial District Court, Henderson County, Texas.  Respondent has filed a response in support of his order, and the real parties in interest have adopted that response as their position in this proceeding.

condition of granting the TRO, Respondent ordered ETF to post a $25,000 bond. ETF deposited $25,000 cash in lieu of a bond, and a hearing was set for July 31, 2008 on ETF's request for a temporary injunction. According to the order, the purpose of the hearing was "to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits."

After obtaining the TRO, ETF immediately began its surveying activities on the Bryans' property and completed its work on July 29, 2008. Subsequently, the following events occurred:

| | | |
|---|---|---|
| • | *July 29, 2008* | ETF filed a notice of nonsuit, and sent the Bryans notice of the filing. |
| • | *July 31, 2008* | ETF filed a motion requesting the release of its $25,000 cash bond. |
| • | *August 11, 2008* | Respondent denied ETF's motion requesting the release of its cash bond. |
| • | *August 28, 2008* | ETF filed a motion requesting Respondent to reconsider his refusal to release the bond. |
| • | *September 4, 2008* | Counsel for both parties appeared for a hearing on ETF's motion to reconsider. The Bryans' counsel requested additional time to prepare, and the hearing was reset for September 10, 2008. |
| • | *September 10, 2008* | Respondent conducted a hearing on ETF's motion to reconsider. ETF's counsel presented oral argument, and Respondent ruled from the bench that ETF's motion to reconsider was denied. |
| • | *September 11, 2008* | The Bryans filed an original answer and a counterclaim seeking damages from ETF for property damage. |
| • | *November 17, 2008* | Respondent signed an order denying ETF's motion to reconsider his refusal to release the bond. |
| • | *February 3, 2009* | Respondent signed an order dismissing "[the] cause" but making no provision for the release of the bond. |
| • | *February 4, 2009* | Respondent filed a certified copy of his dismissal order in this court. He explained that he dismissed the case because the question in this proceeding is "whether there is a ministerial duty to release Relator's bond while Relator is still liable on same, and not whether Relator is entitled to take a non-suit[.] . . ." |
| • | *March 3, 2009* | ETF filed a notice of appeal from the dismissal order. |

ETF filed its petition for writ of mandamus in this court prior to the February 3, 2009 dismissal order, requesting an order directing Respondent to (1) release ETF's bond, (2) issue an order of nonsuit, and (3) dismiss the Bryans' counterclaim for lack of subject matter jurisdiction. The dismissal order has rendered moot the relief requested by ETF except the order directing Respondent to release the bond.

## PREREQUISITES TO MANDAMUS

A writ of mandamus will issue to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. The relator has the burden to establish the prerequisites to mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). This burden is a heavy one. *Id.*

## ADEQUACY OF APPELLATE REMEDY

We initially consider whether ETF has an adequate remedy by appeal. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *In re Prudential*, 148 S.W.3d at 136. This determination depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137.

ETF states, and we agree, that the dismissal order is a final judgment.[2] But ETF urges that Respondent's order denying ETF's motion to reconsider is a void order. Thus, ETF contends that we need not address whether it has an adequate remedy by appeal. *See In re Sw. Bell Tel. Co.*, 35

---

[2] When, as here, a case terminates without a traditional trial on the merits because the plaintiff nonsuited its claims, no presumption arises regarding the finality of the judgment. *See Crites v. Collins*, 284 S.W.3d 839, 840 (Tex. 2009); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001). Thus, a dismissal order following a nonsuit is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *See Crites*, 284 S.W.3d at 840-41; *Lehmann*, 39 S.W.3d at 205. Pleadings, not motions, determine the issues and parameters of a contest. *See Jobe v. Lapidus*, 874 S.W.2d 764, 765-66 (Tex. App.–Dallas 1994, writ denied). In this case, the dismissal order does not include any language of finality. We note, however, that the Bryans' counterclaim was ineffective because it was filed after ETF's nonsuit. *See Williams v. Nat'l Mortgage Co.*, 903 S.W.2d 398, 403 (Tex. App.–Dallas 1995, writ denied). Additionally, ETF's continuing assertion that it is entitled to the release of its bond arises from the denial of a motion and therefore is not an unresolved "claim" that renders the dismissal order interlocutory. *See Lehmann*, 39 S.W.3d at 205; *see also Jobe*, 874 S.W.2d at 766 (trial court's failure to rule on motion has no bearing on finality of judgment).

3

S.W.3d 602, 605 (Tex. 2000).

A judgment or order is void only when it is apparent that the court rendering it had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment or order, or no capacity to act as a court. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (judgment); *see In re U.S. Silica Co.*, 157 S.W.3d 434, 438-39 (Tex. 2005) (acknowledging that *Mapco* applies to orders, but declining to decide whether order in question was within the "rare circumstances" that render an order void rather than merely voidable). "Absent one of those rare circumstances that makes the [order] void, the mere fact that an action by a court [] is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it 'voidable' or erroneous." *Mapco*, 795 S.W.2d at 703.

In the case at hand, ETF does not show that any of the "rare circumstances" rendering an order void are present. *See Mapco*, 795 S.W.2d at 703. Instead, ETF asserts that Respondent's order denying its motion to reconsider is contrary to law. Even if this is correct, however, the order is not void absent one of the "rare circumstances" identified in *Mapco*. *See Mapco*, 795 S.W.2d at 703.

ETF also states that it "believes the availability of an appellate remedy at law is questionable because the trial court executed an order of dismissal in its favor." As authority for this position, ETF cites cases recognizing the general rule that one who takes a voluntary nonsuit cannot challenge the order on appeal. *See, e.g., Boyd v. Kimbell*, 21 Tex. Civ. App. 6, 7, 50 S.W. 634, 635 (1899, writ denied); *Huston v. Berry*, 3 Tex. 235, 236 (1848). We agree with ETF's assessment of the difficulty it would encounter in challenging the dismissal order here. However, no such challenge is necessary.

ETF complains of the order denying its motion to reconsider. This order was interlocutory when it was signed because it did not dispose of all parties and claims. *See Crites*, 284 S.W.3d at 840-41; *Lehmann*, 39 S.W.3d at 205. Subject to certain "mostly statutory exceptions" not applicable in this case, an appeal may be taken only from a final judgment. *Lehmann*, 39 S.W.3d at 195. Consequently, the order denying ETF's motion to reconsider was not appealable until Respondent signed the dismissal order. The interlocutory order then merged into the dismissal order, a final judgment, and became final for purposes of appeal. *See Webb v. Jorns*, 488 S.W.2d 407, 408-09 (Tex. 1973). In other words, the order denying ETF's motion to reconsider is now appealable. *See Douglas v. Am. Title Co.*, 196 S.W.3d 876, 879 n.6 (Tex. App.–Houston [1st Dist.]

2006, no pet.). Moreover, ETF can appeal the order without challenging the dismissal. *See **Russell v. McBride Elec., Inc.***, No. 05-05-00507-CV, 2006 WL 664015, at *1 (Tex. App.–Dallas 2006, no pet.) (mem. op.) (appellant challenged sanctions order that was merged into final judgment and became final for purposes of appeal, but did not challenge final judgment).

Finally, we note that while mandamus relief has occasionally been granted after final judgment, the circumstances in such cases were unusual. *See **Geary v. Peavy***, 878 S.W.2d 602, 603 (Tex. 1994) (mandamus appropriate because of "unique and compelling circumstances" involving conflicting child custody orders despite the entry of a final order); ***In re Home State County Mut. Ins. Co.***, No. 12-07-00062-CV, 2007 WL 1429584, at *3-4 (Tex. App.–Tyler May 16, 2007, orig. proceeding) (mem. op.) (mandamus requiring trial court to vacate severance order rendered final judgment interlocutory). No similar unusual or compelling facts are presented here.

ETF does not argue that the benefits of mandamus outweigh the detriments under the facts before us. Instead, ETF cites ***In re Prudential*** generally and states, without elaboration, that "Respondent's actions have already resulted in an irreversible waste of judicial and public resources." *See **In re Prudential***, 148 S.W.3d at 136-37. In the cited portion of ***In re Prudential***, the supreme court was referring to a situation in which "the trial court on its own motion and without any authority whatever, split two cases into sixteen and transferred venue of fourteen of them to other counties." ***Id.*** at 136 (citing ***In re Masonite Corp.***, 997 S.W.2d 194, 195-96 (Tex. 1999)). The court stated that, in that instance, it was not required "to turn a blind eye to blatant injustice nor . . . be an accomplice to sixteen trials that [would] amount to little more than a fiction." ***Id***. Moreover, the waste of judicial resources would have occurred because appeal was not immediately available. *See **id***. The situation here is not analogous. Respondent's action does not reach the level of the actions addressed in ***In re Masonite***, and ETF's remedy by appeal is available now. Therefore, there is no benefit to the mandamus relief sought by ETF. Accordingly, we hold that ETF's appellate remedy is adequate. *See **id***.

## CONCLUSION

The order denying ETF's motion to reconsider is not void, and can be appealed without challenging the dismissal order. ETF has not shown that its appellate remedy is inadequate. Accordingly, we deny ETF's petition for writ of mandamus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 23, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)