NO. 12-08-00500-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



§
 

IN RE: ENERGY TRANSFER 

FUEL, L.P., §
 ORIGINAL PROCEEDING

RELATOR

§
 






OPINION


 In this original mandamus proceeding, Relator, Energy Transfer Fuel, LP (ETF), complains
of Respondent's November 17, 2008 order denying its motion to reconsider his ruling denying the
release of a $25,000 cash bond posted by ETF. (1) The bond was posted after ETF obtained an ex parte
temporary restraining order against the real parties in interest, Clifton Bryan and Cindy Bryan. ETF
requests that this court direct Respondent to vacate his order denying ETF's motion to reconsider
and issue an order granting the motion. In an abundance of caution, ETF filed a notice of appeal
following the dismissal of the underlying proceeding. We deny ETF's petition.


Background


 ETF is a public gas utility and has the right of eminent domain. It also has the right to enter 
upon property to make preliminary surveys of proposed routes along which its gas pipelines may be
constructed. ETF requested permission to enter the Bryans' property to conduct surveying activities,
but was refused entry. Thereafter, on July 23, 2008, ETF filed a petition requesting a temporary
restraining order (TRO) as well as temporary and permanent injunctions against the Bryans. 

 Respondent granted a TRO prohibiting the Bryans from interfering or attempting to interfere
with ETF's right to enter and survey the route of its pipeline across the Bryans' property. As a
condition of granting the TRO, Respondent ordered ETF to post a $25,000 bond. ETF deposited
$25,000 cash in lieu of a bond, and a hearing was set for July 31, 2008 on ETF's request for a
temporary injunction. According to the order, the purpose of the hearing was "to determine whether
this temporary restraining order should be made a temporary injunction pending a full trial on the
merits." 

 After obtaining the TRO, ETF immediately began its surveying activities on the Bryans'
property and completed its work on July 29, 2008. Subsequently, the following events occurred:



 July 29, 2008 ETF filed a notice of nonsuit, and sent the Bryans notice of the
filing.

 July 31, 2008 ETF filed a motion requesting the release of its $25,000 cash
bond. 

 August 11, 2008 Respondent denied ETF's motion requesting the release of its
cash bond.


 


 August 28, 2008 ETF filed a motion requesting Respondent to reconsider his
refusal to release the bond. 


 


 September 4, 2008 Counsel for both parties appeared for a hearing on ETF's motion
to reconsider. The Bryans' counsel requested additional time to
prepare, and the hearing was reset for September 10, 2008.

 September 10, 2008 Respondent conducted a hearing on ETF's motion to reconsider. 
ETF's counsel presented oral argument, and Respondent ruled
from the bench that ETF's motion to reconsider was denied.

 September 11, 2008 The Bryans filed an original answer and a counterclaim seeking
damages from ETF for property damage.

 November 17, 2008 Respondent signed an order denying ETF's motion to reconsider
his refusal to release the bond.

 February 3, 2009 Respondent signed an order dismissing "[the] cause" but making
no provision for the release of the bond. 


 


 February 4, 2009 Respondent filed a certified copy of his dismissal order in this
court. He explained that he dismissed the case because the
question in this proceeding is "whether there is a ministerial duty
to release Relator's bond while Relator is still liable on same, and
not whether Relator is entitled to take a non-suit[.] . . ."

 March 3, 2009 ETF filed a notice of appeal from the dismissal order.


 


 ETF filed its petition for writ of mandamus in this court prior to the February 3, 2009
dismissal order, requesting an order directing Respondent to (1) release ETF's bond, (2) issue an
order of nonsuit, and (3) dismiss the Bryans' counterclaim for lack of subject matter jurisdiction. 
The dismissal order has rendered moot the relief requested by ETF except the order directing
Respondent to release the bond. 


Prerequisites to Mandamus


 A writ of mandamus will issue to correct a clear abuse of discretion when there is no
adequate remedy by appeal. In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004);
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992). A trial court abuses its discretion if it reaches
a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it
clearly fails to correctly analyze or apply the law. Walker, 827 S.W.2d at 839-40. The relator has
the burden to establish the prerequisites to mandamus. Canadian Helicopters Ltd. v. Wittig, 876
S.W.2d 304, 305 (Tex. 1994). This burden is a heavy one. Id. 


Adequacy of Appellate Remedy


 We initially consider whether ETF has an adequate remedy by appeal. An appellate remedy
is "adequate" when any benefits to mandamus review are outweighed by the detriments. In re
Prudential, 148 S.W.3d at 136. This determination depends heavily on the circumstances presented 
and is better guided by general principles than by simple rules. Id. at 137. 

 ETF states, and we agree, that the dismissal order is a final judgment. (2) But ETF urges that
Respondent's order denying ETF's motion to reconsider is a void order. Thus, ETF contends that
we need not address whether it has an adequate remedy by appeal. See In re Sw. Bell Tel. Co., 35
S.W.3d 602, 605 (Tex. 2000).

 A judgment or order is void only when it is apparent that the court rendering it had no
jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment
or order, or no capacity to act as a court. Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990)
(judgment); see In re U.S. Silica Co., 157 S.W.3d 434, 438-39 (Tex. 2005) (acknowledging that
Mapco applies to orders, but declining to decide whether order in question was within the "rare
circumstances" that render an order void rather than merely voidable). "Absent one of those rare
circumstances that makes the [order] void, the mere fact that an action by a court [] is contrary to a
statute, constitutional provision or rule of civil or appellate procedure makes it 'voidable' or
erroneous." Mapco, 795 S.W.2d at 703. 

 In the case at hand, ETF does not show that any of the "rare circumstances" rendering an
order void are present. See Mapco, 795 S.W.2d at 703. Instead, ETF asserts that Respondent's 
order denying its motion to reconsider is contrary to law. Even if this is correct, however, the order
is not void absent one of the "rare circumstances" identified in Mapco. See Mapco, 795 S.W.2d at
703. 

 ETF also states that it "believes the availability of an appellate remedy at law is questionable
because the trial court executed an order of dismissal in its favor." As authority for this position,
ETF cites cases recognizing the general rule that one who takes a voluntary nonsuit cannot challenge
the order on appeal. See, e.g., Boyd v. Kimbell, 21 Tex. Civ. App. 6, 7, 50 S.W. 634, 635 (1899, writ
denied); Huston v. Berry, 3 Tex. 235, 236 (1848). We agree with ETF's assessment of the difficulty
it would encounter in challenging the dismissal order here. However, no such challenge is necessary.

 ETF complains of the order denying its motion to reconsider. This order was interlocutory
when it was signed because it did not dispose of all parties and claims. See Crites, 284 S.W.3d at
840-41; Lehmann, 39 S.W.3d at 205. Subject to certain "mostly statutory exceptions" not
applicable in this case, an appeal may be taken only from a final judgment. Lehmann, 39 S.W.3d
at 195. Consequently, the order denying ETF's motion to reconsider was not appealable until
Respondent signed the dismissal order. The interlocutory order then merged into the dismissal order,
a final judgment, and became final for purposes of appeal. See Webb v. Jorns, 488 S.W.2d 407,
408-09 (Tex. 1973). In other words, the order denying ETF's motion to reconsider is now
appealable. See Douglas v. Am. Title Co., 196 S.W.3d 876, 879 n.6 (Tex. App.-Houston [1st Dist.]
2006, no pet.). Moreover, ETF can appeal the order without challenging the dismissal. See Russell
v. McBride Elec., Inc., No. 05-05-00507-CV, 2006 WL 664015, at *1 (Tex. App.-Dallas 2006, no
pet.) (mem. op.) (appellant challenged sanctions order that was merged into final judgment and
became final for purposes of appeal, but did not challenge final judgment).

 Finally, we note that while mandamus relief has occasionally been granted after final
judgment, the circumstances in such cases were unusual. See Geary v. Peavy, 878 S.W.2d 602, 603
(Tex. 1994) (mandamus appropriate because of "unique and compelling circumstances" involving
conflicting child custody orders despite the entry of a final order); In re Home State County Mut.
Ins. Co., No. 12-07-00062-CV, 2007 WL 1429584, at *3-4 (Tex. App.-Tyler May 16, 2007, orig.
proceeding) (mem. op.) (mandamus requiring trial court to vacate severance order rendered final
judgment interlocutory). No similar unusual or compelling facts are presented here. 

 ETF does not argue that the benefits of mandamus outweigh the detriments under the facts
before us. Instead, ETF cites In re Prudential generally and states, without elaboration, that
"Respondent's actions have already resulted in an irreversible waste of judicial and public
resources." See In re Prudential, 148 S.W.3d at 136-37. In the cited portion of In re Prudential,
the supreme court was referring to a situation in which "the trial court on its own motion and without
any authority whatever, split two cases into sixteen and transferred venue of fourteen of them to
other counties." Id. at 136 (citing In re Masonite Corp., 997 S.W.2d 194, 195-96 (Tex. 1999)). The
court stated that, in that instance, it was not required "to turn a blind eye to blatant injustice nor . . .
be an accomplice to sixteen trials that [would] amount to little more than a fiction." Id. Moreover,
the waste of judicial resources would have occurred because appeal was not immediately available. 
See id. The situation here is not analogous. Respondent's action does not reach the level of the
actions addressed in In re Masonite, and ETF's remedy by appeal is available now. Therefore, there
is no benefit to the mandamus relief sought by ETF. Accordingly, we hold that ETF's appellate
remedy is adequate. See id.


Conclusion


 The order denying ETF's motion to reconsider is not void, and can be appealed without
challenging the dismissal order. ETF has not shown that its appellate remedy is inadequate. 
Accordingly, we deny ETF's petition for writ of mandamus.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered September 23, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.
















(PUBLISH)
1. The respondent is the Honorable Dan Moore, Judge of the 173rd Judicial District Court, Henderson County,
Texas. Respondent has filed a response in support of his order, and the real parties in interest have adopted that response
as their position in this proceeding.
2. When, as here, a case terminates without a traditional trial on the merits because the plaintiff nonsuited its
claims, no presumption arises regarding the finality of the judgment. See Crites v. Collins, 284 S.W.3d 839, 840 (Tex.
2009); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). Thus, a dismissal order following a nonsuit is
not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and
unequivocally states that it finally disposes of all claims and all parties. See Crites, 284 S.W.3d at 840-41; Lehmann,
39 S.W.3d at 205. Pleadings, not motions, determine the issues and parameters of a contest. See Jobe v. Lapidus, 874
S.W.2d 764, 765-66 (Tex. App.-Dallas 1994, writ denied). In this case, the dismissal order does not include any
language of finality. We note, however, that the Bryans' counterclaim was ineffective because it was filed after ETF's
nonsuit. See Williams v. Nat'l Mortgage Co., 903 S.W.2d 398, 403 (Tex. App.-Dallas 1995, writ denied). Additionally,
ETF's continuing assertion that it is entitled to the release of its bond arises from the denial of a motion and therefore
is not an unresolved "claim" that renders the dismissal order interlocutory. See Lehmann, 39 S.W.3d at 205; see also
Jobe, 874 S.W.2d at 766 (trial court's failure to rule on motion has no bearing on finality of judgment).