Opinion issued August 11, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00570-CV

———————————

IN RE MICHAEL TILOTTA, Relator



 



 

Original Proceeding on Petition for Writ of Mandamus



 



 

MEMORANDUM OPINION[1]

By petition
for writ of mandamus, relator, Michael Tilotta, challenges the trial court’s
order sustaining a contest to his affidavit of indigence under Rule 145 of the Texas
Rules of Civil Procedure. Mandamus is an extraordinary remedy that is only
available when adequate remedy may not be had by appeal. In re Sw. Bell Tel. Co., 235 S.W.3d 619, 623 (Tex. 2007); In
re Entergy Corp., 142
S.W.3d 316, 320 (Tex. 2004).

In February
2010, the trial court dismissed Tilotta’s case for want of prosecution.[2]
The trial court’s order sustaining the contest to Tilotta’s Rule 145 affidavit
of indigence was then merged into the trial court’s final judgment. See Roccaforte v. Jefferson Cnty., No. 09-0326, 2011 WL 1661445, at *4
(Tex. Apr. 29, 2011); Webb v. Jorns, 488 S.W.2d 407, 408–09 (Tex. 1972). The trial court’s plenary
power over this case expired over a year before this mandamus was filed. See Tex.
R. Civ. P. 329b. Because the underlying case is no longer pending and
the trial court no longer has plenary power over its judgment, we conclude that
Tilotta is not entitled to a writ of mandamus. See In re Energy Transfer Fuel, L.P., 298 S.W.3d 352, 357 (Tex. App.—Tyler
2009, orig. proceeding) (denying petition for writ of mandamus when order on
which mandamus was sought was subsequently merged into final, appealable
judgment); see also In re Kastner, No. 14-09-00653-CV, 2009 WL
3401867 (Tex. App.—Houston [14th Dist.] Sept. 3, 2009, no pet.) (denying
petition for writ of mandamus because relator failed to demonstrate that appeal
was inadequate to review trial court’s ruling on Rule 145 affidavit of
indigency).[3] Accordingly,
we deny the petition for writ of mandamus. 

Per Curiam

 

Panel
consists of Justices Keyes, Higley, and Brown.

 

 











[1]           The underlying case is Michael Tilotta v. Dewana Smith-Tilotta,
No. 2009-37647 in the 257th District Court of Harris County, Texas, the Hon.
Judy Warne presiding.

 





[2]
          We note that the trial court’s
order does not state that the dismissal is with prejudice to Tilotta’s
underlying claims.





[3]
          The
record indicates that the underlying case is a bill of review relating to a
divorce proceeding. We note that a trial court may have continuing jurisdiction
to (1) modify an order that
provides for the conservatorship, support, or possession of and access to a
child, see Tex. Fam. Code § 156.001 (West 2010), or (2) issue orders to enforce or clarify a prior
order in a divorce proceeding. See Tex. Fam. Code Ann. §§ 9.001, 9.006–.008.
(West 2006); see also In re Provine,
312 S.W.3d  824, 830 (Tex. App.—Houston
[1st Dist.] 2009, no pet.) (“A
party may seek clarification of a divorce decree through a suit for enforcement
or a motion to clarify. In a suit to enforce the decree, a court has continuing
jurisdiction to render further orders to enforce the division of the property
made in the decree of divorce to assist in the implementation of or to clarify
the prior order. However, a court may not amend, modify, alter, or change the
division of property made or approved in the divorce decree.”) (citations
omitted).