COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT L. AND JULIA T. MCCULLOUGH, | § | No. 08-12-00205-CV |
| | § | |
| Appellants, | § | Appeal from the |
| | § | |
| v. | § | 416th Judicial District Court |
| | § | |
| SCARBROUGH, MEDLIN, & ASSOCIATES INC., ET. AL., | § | of Collin County, Texas |
| | § | (TC# 416-00247-2012) |
| Appellees. | § | |

## MEMORANDUM OPINION

Appellants, Robert L. and Julia T. McCullough, attempt to appeal an interlocutory garnishment order. Pending before the Court is Appellees' motion to dismiss this appeal for want of jurisdiction, which seeks sanctions against Appellants for filing a frivolous appeal. No response has been filed by Appellants. For the reasons stated, we grant Appellees' motion.

*Motion to Dismiss for Want of Jurisdiction*

Appellate courts generally have jurisdiction over final judgments and such interlocutory orders as the legislature deems appealable. TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014 (West Supp. 2012); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App. – El Paso 1997, no writ). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final

judgment is entered unless a statutory exception applies. *See Lehmann*, 39 S.W.3d at 195; *In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 343, 347 (Tex. App. – Tyler 2009, no pet.).

The notice of appeal shows Appellants are challenging the May 7, 2012 garnishment order. The May 7, 2012 order is not a final judgment and is not an otherwise appealable interlocutory order under Section 51.014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Lehmann*, 39 S.W.3d at 195; *Energy Transfer*, 298 S.W.3d at 347. Accordingly, we grant the motion and dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

### *Request for Sanctions*

Asserting that the appeal is frivolous and has been pursued in bad faith because Appellants' counsel knew this Court had no jurisdiction to consider this case, Appellees request that we impose sanctions against Appellants pursuant to TEX. R. APP. P. 45. Appellees' counsel has attached an affidavit to the motion to dismiss detailing that $1,516.55 in attorney's fees has been incurred in defending this appeal. The affidavit explains that counsel for Appellees is of the opinion that $1,500 is a reasonable attorney's fee for his services rendered in responding to this appeal. Appellants have not responded to Appellees request for sanctions nor have they challenged the affidavit explaining the appellate fees incurred by Appellees. Although there is no method for proving damages on appeal under Rule 45, proof by affidavit is appropriate. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App. – Houston [1st Dist.] 2001, pet. denied) (affidavit proving $5,000 in reasonable and necessary attorney's fees accepted by court as proof of damages).

On appeal, we impose sanctions only if the record clearly shows an appellant has no reasonable expectation of reversal, and has not pursued the appeal in good faith. *American Paging of Texas v. El Paso Paging, Inc.*, 9 S.W.3d 237, 240 (Tex. App. – El Paso 1999, pet.

denied). We must exercise prudence and caution and carefully deliberate in determining whether to award appellate sanctions. *Smith*, 51 S.W.3d at 381. While the imposition of sanctions is within our discretion, we only do so in truly egregious circumstances. *Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex. App. – Houston [14th Dist.] 2000, no pet.).

After reviewing the record and motion to dismiss for lack of jurisdiction and for sanctions filed in this Court, we agree Appellants filed a frivolous appeal. Although there is evidence that Appellants' counsel filed the appeal in good faith to protect the interests of her clients, the evidence also shows that counsel for Appellants took the position that the garnishment order was not a final order and believed the appeal would be dismissed. Therefore, this appeal has been pursued without reasonable grounds to believe that the judgment would be reversed. Moreover, Appellants have not even bothered to submit a response to the motion. Consequently, from the record before this Court, we conclude the appeal is objectively frivolous.

Because the May 7, 2012 garnishment order is not a final judgment and is not an appealable interlocutory order, we lack jurisdiction to consider it on appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014; *Lehmann*, 39 S.W.3d at 195; *Energy Transfer*, 298 S.W.3d at 347. Accordingly, we grant Appellees' motion and dismiss the appeal for lack of jurisdiction. We order Appellants to pay Appellees' reasonable and necessary attorney's fees in the amount of $1,500 as sanctions for filing a frivolous appeal. TEX. R. APP. P. 45.


GUADALUPE RIVERA, Justice

July 31, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

3