COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 ROBERT L.
 AND JULIA T. 
 MCCULLOUGH,
  
                             Appellants,
  
 v.
  
 SCARBROUGH,
 MEDLIN, & ASSOCIATES INC., ET. AL.,
  
                            
 Appellees.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-12-00205-CV
  
 Appeal from the
  
 416th
 Judicial District Court
  
 of Collin
 County, Texas
  
 (TC# 416-00247-2012)
  
 
 


 

MEMORANDUM
OPINION

 

Appellants, Robert L. and Julia T.
McCullough, attempt to appeal an interlocutory garnishment order.  Pending before the Court is Appellees’ motion
to dismiss this appeal for want of jurisdiction, which seeks sanctions against
Appellants for filing a frivolous appeal. 
No response has been filed by Appellants.  For the reasons stated, we grant Appellees’
motion.

Motion to Dismiss for Want of Jurisdiction

Appellate courts generally have jurisdiction
over final judgments and such interlocutory orders as the legislature deems
appealable.  Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (West Supp.
2012); Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); Ruiz v. Ruiz,
946 S.W.2d 123, 124 (Tex. App. – El Paso 1997, no writ).  When orders do not dispose of all pending
parties and claims, the orders remain interlocutory and unappealable until
final judgment is entered unless a statutory exception applies.  See Lehmann,
39 S.W.3d at 195; In re Energy Transfer
Fuel, L.P., 298 S.W.3d 343, 347 (Tex. App. – Tyler 2009, no pet.).

The notice of appeal shows Appellants are
challenging the May 7, 2012 garnishment order. 
The May 7, 2012 order is not a final judgment and is not an otherwise
appealable interlocutory order under Section 51.014.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014; Lehmann, 39 S.W.3d at 195; Energy Transfer, 298 S.W.3d at 347.  Accordingly, we grant the motion and dismiss
the appeal for lack of jurisdiction.  See Tex.
R. App. P. 42.3(a).

Request for Sanctions

Asserting that the appeal is frivolous and
has been pursued in bad faith because Appellants’ counsel knew this Court had
no jurisdiction to consider this case, Appellees request that we impose
sanctions against Appellants pursuant to Tex.
R. App. P. 45.  Appellees’ counsel
has attached an affidavit to the motion to dismiss detailing that $1,516.55 in
attorney’s fees has been incurred in defending this appeal.  The affidavit explains that counsel for
Appellees is of the opinion that $1,500 is a reasonable attorney’s fee for his
services rendered in responding to this appeal. 
Appellants have not responded to Appellees request for sanctions nor
have they challenged the affidavit explaining the appellate fees incurred by
Appellees.  Although there is no method
for proving damages on appeal under Rule 45, proof by affidavit is
appropriate.  Smith v. Brown, 51 S.W.3d 376, 381 (Tex. App. – Houston [1st Dist.]
2001, pet. denied) (affidavit proving $5,000 in reasonable and necessary
attorney’s fees accepted by court as proof of damages).

On appeal, we impose sanctions only if the
record clearly shows an appellant has no reasonable expectation of reversal,
and has not pursued the appeal in good faith. 
American Paging of Texas v. El
Paso Paging, Inc., 9 S.W.3d 237, 240 (Tex. App. – El Paso 1999, pet.
denied).  We must exercise prudence and
caution and carefully deliberate in determining whether to award appellate
sanctions.  Smith, 51 S.W.3d at 381.  While
the imposition of sanctions is within our discretion, we only do so in truly
egregious circumstances.  Angelou v. African Overseas Union, 33
S.W.3d 269, 282 (Tex. App. – Houston [14th Dist.] 2000, no pet.).

After reviewing the record and motion to
dismiss for lack of jurisdiction and for sanctions filed in this Court, we agree
Appellants filed a frivolous appeal. 
Although there is evidence that Appellants’ counsel filed the appeal in
good faith to protect the interests of her clients, the evidence also shows
that counsel for Appellants took the position that the garnishment order was
not a final order and believed the appeal would be dismissed.  Therefore, this appeal has been pursued
without reasonable grounds to believe that the judgment would be reversed.  Moreover, Appellants have not even bothered
to submit a response to the motion. 
Consequently, from the record before this Court, we conclude the appeal
is objectively frivolous.

Because the May 7, 2012 garnishment order is
not a final judgment and is not an appealable interlocutory order, we lack
jurisdiction to consider it on appeal.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014; Lehmann, 39 S.W.3d at 195;
Energy Transfer, 298 S.W.3d at 347. Accordingly, we grant Appellees’ motion
and dismiss the appeal for lack of jurisdiction.  We order Appellants to pay Appellees’
reasonable and necessary attorney’s fees in the amount of $1,500 as sanctions
for filing a frivolous appeal.  Tex. R. App. P. 45.








 

                                                                        GUADALUPE
RIVERA, Justice

July 31, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.