# NO. 12-16-00133-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *EDSEL AMOS DIXON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Edsel Amos Dixon filed a petition for writ of mandamus, in which he challenges the trial court's order granting a motion to enforce a Rule 11 agreement. We deny the petition.

## BACKGROUND

Edsel and Heather D. Dixon were married on April 14, 2004, and are the parents of one child. On June 26, 2013, Heather filed an original petition for divorce. On July 25, the trial court approved the parties' Rule 11 agreement. On September 27, Edsel filed a withdrawal of consent to the agreement and an objection to the entry of judgment. On October 2, the trial court signed a final decree of divorce. Edsel appealed on grounds that the trial court erred by rendering the final decree after he repudiated the agreement. *In re Marriage of Dixon*, No. 12-13-00324-CV, 2014 WL 806373, at *2 (Tex. App.—Tyler Feb. 28, 2014, no pet.) (mem. op.). We held that the decree was void because Edsel withdrew his consent before the trial court rendered the decree. *Id*. at *3. We reversed the final decree of divorce and remanded the case for further proceedings. *Id*.

Subsequently, Heather filed a motion to enforce the Rule 11 agreement on grounds that (1) it is enforceable by specific performance, and (2) this Court's opinion did not address the agreement's enforceability. On January 23, 2015, the trial court granted the motion, in part, stating that the agreement "is, as to all matters related to the divorce, the division of the community estate and the division of debts, enforceable and binding as a contract" between

Heather and Edsel.  The trial court ordered that the parties are divorced and the marriage is dissolved on grounds of insupportability as stipulated in the Rule 11 agreement.  The trial court divided the marital estate and debts, but severed and reserved issues regarding child custody, access, support, and possession, contractual damages, and attorney's fees.  The order states that it is final with respect to the issues addressed.

Edsel filed a notice of appeal.  In February 2016, this Court dismissed the appeal for want of prosecution.  ***In re Matter of Marriage of Dixon***, No. 12-15-00080-CV, 2016 WL 796288, at *1 (Tex. App.—Tyler Feb. 29, 2016, no pet.) (mem. op.).  On May 5, 2016, Edsel filed a petition for writ of mandamus.

## MANDAMUS

In his sole issue, Edsel contends that the trial court abused its discretion by granting Heather's motion to enforce the Rule 11 agreement.  He contends that the trial court's ruling is in violation of its duty to enforce this Court's previous mandate.

### Prerequisites to Mandamus

A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion.  ***In re Cerberus Capital Mgmt., L.P.***, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).  A trial court abuses its discretion when (1) its decision is so arbitrary and unreasonable as to amount to a clear and prejudicial legal error, or (2) it clearly fails to correctly analyze or apply the law.  ***Id***.

### Analysis

We first address whether Edsel has an adequate remedy by appeal.  Citing section 22.221 of the Texas Government Code, Edsel maintains that mandamus is the proper remedy.  Section 22.221 gives an appellate court the authority to issue a writ of mandamus in order to enforce its jurisdiction and prevent a trial court's interference with its judgments.  *See* TEX. GOV'T CODE ANN. § 22.221(a) (West 2004); ***In re Richardson***, 327 S.W.3d 848, 850-51 (Tex. App.—Fort Worth 2010, orig. proceeding).  In this case, however, our mandate does not address the

2

enforceability of the Rule 11 agreement.[1]  *See Marriage of Dixon*, 2014 WL 806373, at \*2. Thus, section 22.221 does not apply.

Moreover, in divorce proceedings, errors other than lack of jurisdiction may be corrected only through a direct appeal.  *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). Although the trial court's order states that it is final and appealable with respect to the parties' property, "the division of a marital estate is not a claim severable from the rest of a divorce proceeding." *Dawson-Austin v. Austin*, 968 S.W.2d 319, 324 (Tex. 1998); *see* TEX. FAM. CODE ANN. § 7.001 (West 2006).  Because it did not dispose of all claims, the trial court's order granting the divorce and dividing the marital estate is an interlocutory order.[2]  *See In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 351 (Tex. App.—Tyler 2009, orig. proceeding).  Once the trial court signs an order disposing of the parties' remaining claims, the first order will merge with that order and the judgment will become final.  *See id*.  At that point, Edsel may appeal from the final judgment. *See Hagen*, 282 S.W.3d at 902; *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree"); *In re Energy Transfer Fuel, L.P.*, 298 S.W.3d at 351.  Therefore, Edsel has an adequate remedy by direct appeal.  *See Hagen*, 282 S.W.3d at 902; *see also In re Castle Tex. Prod. Ltd. P'ship*, 189 S.W.3d 400, 403 (Tex. App.—Tyler 2006, orig. proceeding) (direct appeal after final judgment is generally an adequate remedy precluding mandamus).

## CONCLUSION

Edsel has not shown that appeal is an inadequate remedy for the trial court's alleged abuse of discretion. Consequently, he cannot establish that he is entitled to mandamus relief. Therefore, we need not address whether he has shown an abuse of discretion by the trial court. We *deny* Edsel's petition for writ of mandamus.

**BRIAN HOYLE**
Justice

---

[1] The trial court may rule on a motion to enforce a Rule 11 agreement, even after one of the parties withdraws consent, as long as the motion was based on proper pleading and proof.  *See Padilla v. LaFrance*, 907 S.W.2d 454, 462 (Tex. 1995).

[2] The order is not the type for which an interlocutory appeal is available. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2016).

Opinion delivered September 21, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 21, 2016

NO. 12-16-00133-CV

**EDSEL AMOS DIXON,**
Relator
V.

**HON. RICHARD A. BEACOM, JR.,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **EDSEL AMOS DIXON**; who is the relator in Cause No. 9544, pending on the docket of the 354th District Court Judicial District Court of Rains County, Texas. Said petition for writ of mandamus having been filed herein on May 5, 2016, and the same having been duly considered, because it is the opinion of Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*