**Petition for Writ of Mandamus Denied and Opinion filed October 13, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00748-CV

### IN RE DANIEL ESPARZA, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-50486**

## MEMORANDUM OPINION

On September 21, 2016, relator Daniel Esparza filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Lisa Millard, presiding judge of the 310th District Court of Harris County, to

reverse her denial of relator's motion to set aside certain mediated settlement agreements that were entered into on November 6, 2015 and December 17, 2015.

It appears that the trial court has issued an Amended Final Decree of Divorce that implemented the terms of the mediated settlement agreements, which is a final judgment.

To obtain mandamus relief, a relator generally must show both that the trial court clearly abused its discretion and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co*., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Except in unusual circumstances, not applicable here, mandamus relief is not available after a final judgment has been issued because relator then has an adequate remedy by direct appeal. *See In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 351 (Tex. App.—Tyler 2009, orig. proceeding); *In re Dixon,* 12-16-00133-CV, 2016 WL 5115559, at *2 (Tex. App.—Tyler Sept. 21, 2016, orig. proceeding) (mem. op.).

Relator has not established that he is entitled to mandamus relief.

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Brown.

2