**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 19, 2017.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-17-00712-CV**

**IN RE CAREY J. CLEMONS-ALI, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-57994**

## MEMORANDUM OPINION

On September 6, 2017, relator Carey J. Clemons-Ali filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Alicia Franklin York, presiding judge of the 311th District Court of

Harris County, to vacate an "Order in Suit Affecting the Parent-Child Relationship" signed on August 9, 2016 (the Final Order).[1]

To obtain mandamus relief, a relator generally must show that the relator has no adequate remedy at law. *In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 480 (Tex. 2011); *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Except in unusual circumstances, not applicable in today's case, mandamus relief is not available after a final judgment has been issued because the relator then has an adequate remedy by direct appeal. *See In re Energy Transfer Fuel, L.P.*, 298 S.W.3d 348, 351 (Tex. App.—Tyler 2009, orig. proceeding); *In re Ghazvini,* No. 14-16-00813-CV, 2016 WL 6134444, at *1 (Tex. App.—Houston [14th Dist.] Oct. 20, 2016, orig. proceeding) (per curiam) (mem. op.). A relator's failure to timely pursue adequate legal remedies, such as a motion for new trial, regular appeal, restrictive appeal, or bill of review, does not justify mandamus relief. *In re Robertson*, No. 14-16-01013-CV, 2017 WL 506807, at *2 (Tex. App.—Houston [14th Dist.] Feb. 7, 2017, orig. proceeding) (per curiam) (mem.op.).

---

[1] This order was a final appealable order because it disposed of all pending parties and claims. "A final order in a [suit affecting a parent-child relationship] that purports to dispose of all issues and all parties is a final appealable order." *Jasek v. Texas Dept. of Family & Protective Services*, 348 S.W.3d 523, 529 (Tex. App.—Austin 2011, no pet.). An order that disposes of all pending parties and claims in the record is a final appealable order. *Lehmann v. Har–Con Corp.*, 39 S.W. 3d 191, 195 (Tex. 2001).

Relator has not shown that she did not or does not have an adequate remedy at law. Accordingly, we deny her petition for writ of mandamus.


PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.