MAPCO, INC., et al., Relators,

v.

The Honorable Shirley FORREST,
Clerk, and the Ninth Court of
Appeals, Respondents.

No. C–9490.

Supreme Court of Texas.

March 7, 1990.

Roger Townsend, Ben Taylor, Houston, for relators.

Thomas Lee Bartlett, Houston, for respondents.

ORIGINAL MANDAMUS PROCEEDING

PER CURIAM.

In this original proceeding, relators seek writ of mandamus to compel the clerk of the court of appeals to forward the application and cross-application for writ of error and case record to this court. The clerk has refused to forward the applications and record on direct orders of the justices of the court of appeals.

Relators Mapco, Inc., Mapco Underground Storage of Texas, Inc., and other aligned parties appealed the trial court judgment against them to the Ninth Court of Appeals. The case was argued June 15, 1989. At that time the three justices who heard the case were Chief Justice Martin Dies and Justices Burgess and Brookshire. On August 31, 1989, Chief Justice Dies retired, and on September 1, 1989, Chief Justice Ronald L. Walker assumed the bench as the appointed successor.

On November 16, 1989, the court of appeals issued its opinions and judgment. Justice Burgess wrote the "majority" opinion, which reversed the trial court judgment and remanded the cause; Justice Brookshire dissented. The written judgment of the court conforms to the "majority" opinion disposition. At the end of the court's opinions this notation appears: "Panel of Dies, C.J., Brookshire, J., Burgess, J. [Next Line:] Walker, C.J., not sitting."

On November 30, 1989, the appellees (the "Carter parties") filed their motion for rehearing. The final point of the motion for rehearing specifically alleged as error the improper court of appeals panel issue. Appellees argued that after his resignation Chief Justice Dies was not authorized to participate in the decision, and that without his concurrence the decision was one-to-one, in violation of sections 22.216(i) and 22.222 of the Texas Government Code.[1] On December 7, 1989, the court of appeals overruled the motion for rehearing. There is no notation concerning which justices participated in the overruling of the motion for rehearing.

On December 21, 1989, the appellees filed with the court of appeals clerk what they styled "Appellees Motion for Reconsideration, or Alternatively, for Opinion." This "motion" re-urged two points that had been in the motion for rehearing, particularly the panel issue. It urged that the opinion and judgment on their face did not show concurrence of a majority of the only "panel" that could have been sitting when the judgment was rendered, that the judgment was "void or voidable" for that reason, and that the court should at least issue a new opinion addressing the panel question.

On January 4, 1990, the court of appeals through its clerk issued a letter stating appellee's motion for reconsideration was granted, directing re-briefing and setting the case for re-argument. On January 8, 1990, appellees filed their application for writ of error with the court of appeals clerk with a cover letter stating it was
> to be filed * * * pursuant to Rule 130(b) of the Texas Rules of Appellate Procedure. This Application is submitted for filing subject to the Order of the Court of Appeals dated January 4, 1990 granting Appellees' Motion for Reconsidera-

1. Tex.Gov't Code Ann. § 22.216(i) merely provides that the Ninth Court of Appeals consists of a chief justice and two other justices. Tex.Gov't Code Ann. § 22.222 (1988) provides:

**§ 22.222. Court Sitting in Panels**
 (a) Each court of appeals may sit in panels of not fewer than three justices for the purpose of hearing cases.

 (b) If more than one panel is used, the court of appeals shall establish rules to periodically rotate the justices among the panels. Permanent civil panels and criminal panels without rotation may not be established.
 (c) A majority of a panel constitutes a quorum for the transaction of business, and the concurrence of a majority of a panel is necessary for a decision.

tion, or Alternatively, For Opinion and ordering the subject Appeal to be reargued and rebriefed by the parties.

It is our position that the decision and judgment rendered by the Court on November 16, 1989 was void or voidable based upon the lack of participation in the Judgment and Opinion rendered by a majority of the panel sitting on the Court at the time of rendition of said Judgment and, therefore, did not commence the running of the time in which Appellees may file their Application for Writ of Error. However, in an abundance of caution, Appellees submit the enclosed Application for Writ of Error in order to present their Points of Error to the Supreme Court on a timely basis in the event said void or voidable Judgment and Opinion did commence the running of the time in which Appellees may file their Application for Writ of Error.

Within ten days the Mapco parties filed their conditional application for writ of error. Thereafter, the Mapco parties wrote the court of appeals clerk requesting that the applications and records be forwarded to the supreme court. The clerk responded with a letter stating that the court of appeals had "granted in full" the motion for reconsideration and that she declined to forward the applications and record to the supreme court "following direct orders and instructions from the Justices of the Ninth Court of Appeals." The Mapco parties then filed this mandamus proceeding.

■■■ Relators' argument is simply stated. The filing of the applications for writ of error deprived the court of appeals of jurisdiction to change its judgment. *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478, 482 (Tex.1964). As this court has stated, upon the filing of the application for writ of error "the jurisdiction of the Supreme Court immediately attached," leaving the court of appeals "without authority

to make any order in the case." *Johnson v. Sovereign Camp, W.O.W.,* 125 Tex. 329, 336, 83 S.W.2d 605, 608 (1935).[2] Relators also argue that the court of appeals' January 4, 1990 order cannot be justified as an exercise of its plenary power over its judgments, because its period of plenary power over its judgment expired on December 31, 1989, when the term in which the judgment was rendered ended.[3] As this court has written, except for a "ministerial act" consistent with the judgment, a court of appeals "is without authority to correct or alter a judgment after the expiration of the term in which it was rendered." *Cockburn v. Hightower,* 121 Tex. 555, 557, 52 S.W.2d 365, 366 (1932).

In reply the Carter parties urge a number of innovative arguments why the court of appeals could have jurisdiction to render its order. We address two of these, to clarify holdings of this court.

■■■ The Carter parties argue that the court of appeals' plenary jurisdiction to vacate its judgment continued into the next term because the motion for reconsideration was "pending" when the term ended December 31, 1989. The appellate rules authorize a second or subsequent motion for rehearing only if the court of appeals modifies its judgment or opinion in connection with the overruling of a previous motion. Tex.R.App.P. 100(d). A second motion for rehearing not authorized by the rules is a nullity even if the court of appeals rules on it. *Honeycutt v. Doss,* 410 S.W.2d 772 (Tex.1966). Necessarily such a motion did not extend the court of appeals' plenary jurisdiction over the judgment in the case.

The second argument is that the court of appeals' judgment was "void" because it was contrary to section 22.222(c) of the Government Code. In fact a corresponding provision appears in the constitution:

---

**2.** This court recently overruled in part *Johnson v. Sovereign Camp,* but *only* to the extent that the court of appeals is not deprived of jurisdiction to rule on the motion for rehearing of another party that is still pending when an application for writ of error is filed. Otherwise, the rule applies with full force that appellate

jurisdiction immediately attaches in this court. *See Doctors Hospital Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177, 179 (Tex.1988).

**3.** Tex.Gov't Code Ann. § 22.218 (1988) provides: "The term of each court of appeals begins and ends with each calendar year."

The Court of Appeals may sit in sections as authorized by law. The concurrence of a majority of the judges sitting in a section is necessary to decide a case. Tex. Const. art. V, § 6.

It is also true that in *Freeman v. Freeman*, 160 Tex. 148, 156, 327 S.W.2d 428, 433 (1959), this court stated, "Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority." Given only this language from *Freeman*, the Carter parties' argument is reasonably plausible that the court of appeals judgment was "void" as contrary to the "statutory prohibition" that a majority of a panel must concur to render a decision, or beyond the authority of the court because the constitution requires the concurrence of a majority of a "section" of the court of appeals.

 In fact, the argument does not withstand closer scrutiny. We have spent considerable effort distinguishing and explaining the quoted language from *Freeman* in holdings that a court's action contrary to a statute or statutory equivalent means the action is erroneous or "voidable," not that the ordinary appellate or other direct procedures to correct it may be circumvented. For example, in *El Paso Pipe and Supply Co. v. Mountain States Leasing, Inc.*, 617 S.W.2d 189 (Tex.1981), we expressly distinguished *Freeman* and held that conflict with then rule 329b, Texas Rules of Civil Procedure, although a mandatory rule dealing with the trial court's plenary power, did not make the judgment "void"; the error had to be corrected through the ordinary appellate process or other proper proceedings. Again, in *Middleton v. Murff*, 689 S.W.2d 212, 213 (Tex.1985), we expressly disapproved the quoted statement from *Freeman* to the extent it was construed to mean that "[i]f a judgment rendered by a trial court is void it may be set aside by that court at any time." We further explained it was only a trial court judgment rendered without "jurisdictional power" in the sense of lack of subject matter jurisdiction that could be set aside by the trial court at any time.

 If *Middleton v. Murff* failed to make it clear, we now expressly disapprove the quoted language from *Freeman* to the extent it is construed to apply to a court of appeals' plenary power. Absent one of those rare circumstances that makes the judgment "void," the mere fact that an action by a court of appeals is contrary to a statute, constitutional provision or rule of civil or appellate procedure makes it "voidable" or erroneous. A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987); *Browning v. Placke*, 698 S.W.2d 362, 362 (Tex.1985). On facts substantially similar to the present case, this court in an ordinary appeal recently held the court of appeals' judgment was erroneous, and reversed and remanded the cause. *See Hayden v. Liberty Mutual Fire Ins. Co.*, 786 S.W.2d 260 (Tex.1990). Despite its error, here the court of appeals had lost jurisdiction to correct it.

Because the orders and actions of the court of appeals and its clerk conflict with this court's decisions in *Johnson v. Sovereign Camp, W.O.W.* and *Cockburn v. Hightower*, and further with rule 132(a), Tex.R.App.P., we grant leave to file and without oral argument a majority of the court conditionally issues the writ of mandamus. Tex.R.App.P. 122. We direct the Ninth Court of Appeals and its clerk to forward the record and applications for writ of error to this court.