In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01157-CV




METROPOLITAN TRANSIT AUTHORITY, Appellant

V.

EDWARD JACKSON, Appellee




On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2002-43065







NO. 01-04-01128-CV




IN RE METROPOLITAN TRANSIT AUTHORITY, Relator




Original Proceeding on Petition for Writ of Mandamus




CONCURRING OPINION

          It is well-settled Texas law that a judgment is void “only when it is apparent
that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction
of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as
a court.” Tesco Am., Inc. v. Strong Indus., Inc., No. 04-0269, 2006 WL 662740, at
*4 (Tex. Mar. 17, 2006) (quoting Mapco, Inc.v. Forrest, 795 S.W.2d 700, 703 (Tex.
1990) (emphasis added)).
          Here, it is readily apparent that the trial court had no jurisdiction to enter the
July 16, 2006 judgment because appellee, Edward Jackson, did not send prior notice
of the judgment to the executive director of the Texas Workers’ Compensation
Commission as required by section 410.258 of the Texas Labor Code. Tex. Lab.
Code Ann. § 410.258(a) (Vernon 2006) (party seeking judicial review of
administrative decisions of orders concerning workers’ compensation must file
proposed judgment by certified mail with Workers’ Compensation Commission not
later than 30th day before court is scheduled to enter judgment.). A judgment entered
or settlement approved without complying with the requirements of section 410.258
“is void.” Tex. Lab. Code Ann. § 410.258(f) (Vernon 2006). A trial court obviously
does not lose plenary power after entering such a void judgment.
          Accordingly, in appellate cause number 01-04-01157-CV, I concur in the
judgment of the court affirming the trial court’s October 4, 2004 judgment. I would
further deny Metropolitan Transit Authority’s Petition For Writ of Mandamus, which
was filed in cause number 01-04-01128-CV in “an excess of caution.”
 
 
                                                             Terry Jennings
                                                             Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
 
Justice Jennings, concurring.