Petition for Writ of Mandamus
Denied and Memorandum Opinion filed December 16, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-01204-CV

____________

 

IN RE SOLUM ENGINEERING, INC., Relator

 

 



ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

61st District Court

Trial Court Cause No. 2009-25799

 

 



M E M O R
A N D U M   O P I N I O N

            On December 8, 2010, relator Solum Engineering, Inc. filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code §
22.221; see also Tex. R. App. P. 52.  Relator asks this court to direct
the respondent, the Honorable Al Bennett, presiding judge of the 61st District
Court of Harris County, to reverse the final judgment signed September 2, 2010,
in trial court cause number 2009-25799, styled Preis & Roy, P.L.C. v.
Solum Emgineering, Inc.  Relator also asked that we stay all post-judgment
discovery pending our decision on the petition for writ of mandamus.  See Tex.
R. App. P. 52.10.  We denied relator’s request for an emergency stay on
December 8, 2010.

In its first issue, relator asserts that the trial court abused
its discretion in rendering a judgment for breach of contract.  Relator argues
that the trial court incorrectly analyzed and applied the law in rendering
judgment against it.  Relator asks this court to conclude that the court abused
its discretion and reverse the final judgment.  

In its second issue, relator asks that we stay the court’s
order compelling discovery to enforce this judgment.  On November 19, 2010, the
trial court signed an order compelling post-judgment discovery by December 8,
2010.  Relator complains that it has no assets and post-judgment discovery
serves no purpose other than harassment.  Relator has not raised a challenge to
any specific discovery request, identified the specific documents it has been
ordered to produce, or provided this court with copies of the discovery requests 


            Mandamus relief is available only to correct a clear abuse of
discretion for which the relator has no adequate remedy by appeal.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004).  The
adequacy of an appellate remedy should be determined by a “practical and prudential”
balancing of the benefits and detriments of mandamus review.  In re
Prudential Ins. Co. of Am., 148 S.W.3d 124, 136-37 (Tex. 2004).

When the ruling complained of is a final judgment, the
aggrieved party will ordinarily have an adequate appellate remedy.  See
Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding)
(extraordinary writs issue only in situations involving manifest and urgent
necessity and not for grievances that may be addressed by other remedies).  Mandamus
is appropriate without a showing that an appeal is inadequate if a trial court
issues an order beyond its jurisdiction or after its plenary power has
expired.  In re Sw. Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000).  A
void order is one entered by a trial court that lacks jurisdiction over the
parties or the subject matter, or is an order entered outside the trial court’s
capacity as a court.  Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990). 
Relator has not asserted that the trial court lacked jurisdiction to enter the
judgment, and nothing in our mandamus record suggests that the court lacked
jurisdiction.  

            Relator has appealed the final judgment at issue in this
mandamus proceeding and its appeal is pending under our number 14-10-01054-CV. 
Relator argues that it has no adequate remedy at law because substantial
resources have been expended on five lawsuits concerning the underlying dispute
and it should not be required to “wast[e] another year on four ongoing cases.” 
It asserts that this underlying judgment will inevitably be reversed and we
should grant mandamus relief to more expeditiously resolve the underlying
dispute.  

            Mandamus relief is not intended to replace an ordinary appeal
from a final judgment.  In Prudential, the supreme court discussed mandamus
review of interlocutory rulings, as follow:

Mandamus review of incidental, interlocutory rulings
by the trial courts unduly interferes with trial court proceedings, distracts
appellate court attention to issues that are unimportant both to the ultimate
disposition of the case at hand and to the uniform development of the law, and
adds unproductively to the expense and delay of civil litigation. Mandamus
review of significant rulings in exceptional cases may be essential to preserve
important substantive and procedural rights from impairment or loss, allow the
appellate courts to give needed and helpful direction to the law that would
otherwise prove elusive in appeals from final judgments, and spare private
parties and the public the time and money utterly wasted enduring eventual
reversal of improperly conducted proceedings.

Prudential,
148 S.W.3d at 136.  The issues in this case may be adequately resolved in an
appeal from the final judgment.  The detriments to reviewing final judgments by
mandamus solely to expedite the resolution of the case far outweigh any
benefits.  Therefore, relator’s appeal provides an adequate remedy.

In addition, according to the petition, relator has not
attempted to supersede the judgment.  Post-judgment discovery is precluded if
the judgment debtor supersedes the judgment.  See Tex. R. Civ. P. 621a
(permitting certain post-judgment discovery “so long as said judgment has not
been suspended by a supersedeas bond or order of a proper court”); see also Tex.
R. App. P. 24.1(f) (“Enforcement of a judgment must be suspended if the
judgment is superseded.”).  Relator has not availed itself of its available
remedy.  

Because we conclude that relator has an adequate remedy at
law, we deny the petition for writ of mandamus.

 

                                                                        PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Yates and Jamison.