COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Maxine Adams and Cecil Adams v. Rebecca Ross

Appellate case number:   01-11-00552-CV

Trial court case number:  1012207

Trial court:             269th District Court of Harris County

On June 30, 2014, Appellee, Rebecca Ross, filed her Emergency Motion for Judgment on Distribution of Funds in the Court Registry. The motion is **DENIED**.

Our plenary power has expired. "Generally, after the term in which we render a judgment expires, we lack plenary power to correct or alter that judgment, except for ministerial acts consistent with the judgment." *Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex. 1990) (orig. proceeding)); *see also* TEX. R. APP. P. 19.3 ("After its plenary power expires, the court cannot vacate or modify its judgment."). "Even after our plenary power expires, however, we retain the ability to correct clerical errors in our judgments and opinions, issue and recall our mandates, and enforce or suspend enforcement of our judgments." *Id.* at 260–61. TEX. R. APP. P. 19.3(a)–(c). We decline to recall our mandate.

On May 20, 2014, the Honorable Dan Hinde issued an order in the trial court denying several motions:

1. Rebecca Ross's Motion to Release Deposit and Release Judgment,

2. Harris County District Clerk's Motion to Release Funds and Motion for Instruction,

3. Cecil Adam's Request to Release Funds, and

4. Court Reporter Kathleen Keese's oral request for funds.

In his order, Judge Hinde indicated the proper avenue for the parties to address the distribution of funds from the court's registry was to either file their motions with this Court, or to file common law actions. Judge Hinde cites to two cases in his order, *Muniz v. Vasquez*, 797 S.W.2d 147, 150-151 (Tex. App.—Houston [14th Dist.] 1990, no writ) and *Whitmire*, 333 S.W. at 261. The case before us, however, is distinguishable in that the Adamses were the prevailing party in the trial court, yet nevertheless decided to appeal, and it was the appellee, Ross, who deposited funds with the trial court clerk in lieu of filing a surety bond. In our judgment, costs

were taxed against Maxine Adams, not Ross. It would not, therefore, be logical to tax costs against the funds on deposit with the trial court clerk because Ross, the depositor of the funds, has no responsibility to pay the costs. Accordingly, there is no error in our judgment, and we decline to recall our mandate.

Ross has further asked both the trial court, and now this Court, to issue an order distributing a portion of the funds in the registry to enforce a judgment she won against the Adamses in a wholly separate cause of action. Ross has cited to no authority showing either the trial court or this Court have jurisdiction to do this.

Under Texas Rules of Appellate Procedure 4.1(c)(3), (d); 43.2; and 43.4, we have authority to tax costs and to render judgment against parties, sureties, and the court registry. Ross has cited to no authority, however, indicating we have authority to direct how funds released from the court registry are to be divided. The disputes among the parties to this appeal (the Adamses and Ross) and the claimants (the courts and court reporter), may be resolved through common law actions if the parties are not able to agree to a distribution of the money in accordance with TEX. R. APP. P. 24.1(c)(3).

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
                   X  Acting individually    ☐ Acting for the Court


Date:  July 31, 2014