ACCEPTED
04-14-00707-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/2/2015 5:19:59 PM
KEITH HOTTLE
CLERK

**CAUSE NO. 04-14-00707-CV**

**IN THE COURT OF APPEALS**

**FOURTH DISTRICT OF TEXAS**

**SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

03/2/2015 5:19:59 PM

KEITH E. HOTTLE
Clerk

**MELISSA BROQUET AND JOHN BROQUET**
*APPELLANT*

# AMENDED BRIEF FOR APPELLANT

**Respectfully submitted,**

**THE LAW OFFICE OF HECTOR P. GONZALEZ, P.C.**
**202 East Saint Joseph Avenue**
**San Diego, Texas  78384-3100**
**Tel:   (361) 279-7161**
**Fax:  (361) 279-7191**
**e-mail:  hpg_law@yahoo.com**

**Hector P. Gonzalez**
**State Bar No. 08127000**

*Counsel for Appellant*

# 1. IDENTITY OF PARTIES AND COUNSEL

1. **Appellant**

   Melissa Broquet and John Broquet, Plaintiffs in

   Cause No. DC-12-60-A; Melissa Broquet and John Broquet v. Walter

   Mortgage Company; In the 229th Judicial District Court, Duval County,

   Texas

2. **Counsel for Appellant**

   Hector P. Gonzalez, The Law Office of Hector P. Gonzalez, P.C., 202 East

   St. Joseph Avenue, San Diego, Texas  78384-3100; Telephone: (361) 279-

   7161; Fax: (361) 279-7191; Email: hpg_law @ Yahoo.com; State Bar No.

   08127000.

3. **Appellee**

   Walter Mortgage Company, Defendant

4. **Counsel for Appellee**

   **Lead:**  Kenneth M. Culbreth

   900  Bank of America Tower, 500 North Shoreline, Corpus Christi, Texas
   78401; Telephone: (361) 884-5678, Fax (361) 888-9149; State Bar No.
   05207525

# TABLE OF CONTENTS

**Page**

**IDENTITY OF PARTIES AND COUNSEL**…………………………..  i.

**TABLE OF CONTENTS**……………………………………………..  ii.

**INDEX OF AUTHORITIES**……………………………………  iii.

**RECORD**……………………………………………………..  iv.

**STATEMENT OF THE CASE**……………………………………  1

**STATEMENT OF JURISDICTION**…………………………………..  1

**REQUEST FOR ORAL ARGUMENT**…………………………………..  2

**STATEMENT OF FACTS**…………………………………………..  2

**ISSUES PRESENTED**……………………………………………….  5

**ARGUMENT AND AUTHORITIES**………………………………  6

**CONCLUSION**…………………………………………………….  11

**PRAYER**………………………………………………………  11

**CERTIFICATE OF SERVICE**……………………………………  13

# INDEX OF AUTHORITIES

**Cases**                                                                     **Page**

*Dwairy v. Lopez, 243 S.W.3d 710, 712 (Tex.App.-*
*San Antonio 2007, no pet.)*……………………………………………… 9

*Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d*
*440, 444 (Tex. 1993)*…………………………………………………. 10

*Id. at 443*……………………………………………………………… 10

*Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990)*………………… 10

*In re Guardianship of Erickson, 208 S.W.3d 737, 740*
*(Tex.App.- Texarkana 2006, orig. proceeding)*……………………………. 10

*'[3] Tex. Ass'n of Bus., 852 96\*96 S.W.2d at 446*…………………………. 10

*Tex. DOT v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex.2004)."*… 10


**Statutes, Codes and Other**

Tex. Gov't Code §22.221(b)……………………………………….. 1

*Texas Government Code Section 22.210 (e)*…………………………….. 2

*The Texas State Notary Handbook revived in 1984,*
*distributed by the State Bar of Texas, on Page 17, No. 5*……………………. 6,8

# <u>RECORD</u>

1.  AFFIDAVIT OF MELISSA BROQUET

    A.  EXHIBIT "A":  Mechanic's Lien with Power of Sale dated March 4, 2004
    B.  EXHIBIT "B": Mechanic's Lien with Power of Sale dated April 30, 2004.

## STATEMENT OF THE CASE

Melissa Broquet filed suit on behalf of her children. Case compelled to arbitration with the American Arbitration Association (AAA). In a separate case, she and her husband John Broquet filed individually filed for their damages, case was never compelled to arbitration.

In compliance with the Order compelling her to arbitration, she filed her pleading with the AAA. Defendants filed a purported counter-claim against her and her husband individually, Plaintiffs responded. Melissa Broquet non-suited children case and she and her husband non-suited their response Defendants' alleged counter-claim. Arbiter granted default judgments in both causes.

Visiting Judges Joaquin Villarreal Honorable Robert Blackmon, entered judgment in both cases, against the claims of the children and against the individual claims of the Plaintiffs. Melissa Broquet and John Broquet is here before this Court with their contention that the Defendants did not have standing to bring any claim for affirmative relief and as a result thereof the Court below did not have subject matter jurisdiction of the Defendants' affirmative claims.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to grant the requested relief pursuant to *Texas Government Code Section 22.220,* which provides that "every court of appeals has

**1**

appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy exceeds $100.00, exclusive of interest and costs." The Fourth Court of Appeals in San Antonio, Texas has jurisdiction over Duval County, Texas pursuant to *Texas Government Code Section 22.210 (e)*.

## REQUEST FOR ORAL ARGUMENT

## STATEMENT OF FACTS

A. Plaintiffs went to Jim Walter Homes Inc. sales office to negotiate to build them a house on their homestead.(*1, AFFIDAVIT P. 1*)

B. Jim Walter Homes required them to sign numerous documents and to show them their drivers' license and social security, which Jim Walter Homes copied, keeping the copies.(*2, AFFIDAVIT P. 1*)

C. Among the many documents that the Plaintiffs signed was a Mechanic's Lien with Power of Sale, which also had to be notarized.(*3, AFFIDAVIT P. 1)* The notary public was not present, the salesperson told the Plaintiffs that it would be notarized later and the Plaintiffs left.(*4, AFFIDAVIT P. 1*) Later on the Plaintiffs discovered that the aforementioned document had been notarized outside their presence without their authority and permission by a notary they had never met and never seen.(*5, AFFIDAVIT P. 1*)

2

D. Subsequently thereto, they were contacted by the salesperson and told that defects in the Mechanic's Lien with Power of Sale was holding up the construction but that they soon would be resolved.(*6, AFFIDAVIT P. 1*) What the defects were was never told to the Plaintiffs(*7, AFFIDAVIT P. 1*). Years later the Plaintiffs discovered that someone, unknown to them, had prepared another Mechanic's Lien with Power of Sale and had without their permission and authorization forged their signature (*8, AFFIDAVIT P. 2*) and that the document had been notarized by the same notary that had notarized the first one outside their presence and without their authorization and permission.(*9, AFFIDAVIT P. 2*)

E. As time pass, it became clear and clear that the contract to construct the Plaintiffs' house had not been substantially preformed, the work was not done in a good and workmanlike manner and that the materials used were inadequate and advice Jim Walter Homes and Green Tree of this fact.(*10, AFFIDAVIT P. 2*)

F. Plaintiff Melissa Broquet, filed a lawsuit in her children's behalf for illegal collection practices and she and her husband John Broquet filed a different lawsuit in their behalf.(*11, AFFIDAVIT P. 2*)

G. Defendants obtained a Court Order compelling the children's claim to

3

arbitration but have never gotten a Court Order compelling the individual lawsuit of Melissa and John Broquet to arbitration.(*12, AFFIDAVIT P.* )

H. In compliance with the Court Order, Melissa Broquet filed the children's claim with the American Arbitration Association.(*13, AFFIDAVIT P. 1*)

I. Defendants in the children's case, which was in front of the American Arbitration Association filed a counter-claim against the individual claims of Melissa Broquet and her husband John Broquet, which are pending in a separate case in the 229th District Court and which has not been ordered to arbitration. The Defendants did this without the Plaintiffs ever bringing any of their individual claims in the children's lawsuit.(*14, AFFIDAVIT P. 2*)

J. The Plaintiffs filed their responses to the Defendants' counter claim.(*15, AFFIDAVIT P. 2*)

K. Melissa Broquet, in the AAA non-suited her children's claim.(*16, AFFIDAVIT P. 2*)

L. Shortly thereafter, Melissa Broquet and her husband John Broquet, individually, non-suited their responses to the counter-claims brought by the Defendants.(*17, AFFIDAVIT P. 2*)

M. The arbiter ignored the non-suits and entered a default judgment against Melissa Broquet and John Broquet, individually, and included in its

4

judgment that the order also applied to the individual lawsuits which are still pending the 229th District Court and which had never been compel to arbitration.(*18, AFFIDAVIT P. 2*)

N. Since then, Judges Joaquin Villarreal and Robert Blackmon, which had been assigned as Visiting Judges to both causes, entered orders confirming the judgment of the arbitrator.(*19, AFFIDAVIT P. 2*)

## ISSUES PRESENTED

**ISSUE 1**.    **Exhibit "A" the Mechanic's Lien with Power of Sale dated March 4, 2004, was notarized outside the presence the Plaintiffs and a result of void eb initio and totally unenforceable.**

**ISSUE 2**.    **Exhibit "B" the Mechanic's Lien with Power of Sale dated April 30, 2004, was supposedly a corrective deed containing signature of Melissa Broquet and John Broquet, forged without the permission and authorization of the Plaintiffs, without their permission and authorization, is void.**

**ISSUE 3.**    **The Court erred in granting the various motions and judgments based on the Defendants assertion that they had standing and therefore the Court had jurisdiction basing said claims upon documents that were not notarized in the presence of the Plaintiffs and in one, where the signature of**

**the Plaintiffs were forged without their authority or permission, which deprives the Defendants of standing and the Court of subject matter jurisdiction.**

<u>ARGUMENT AND AUTHORITY</u>

**1,      Exhibit "A" the Mechanic's Lien with Power of Sale dated March 4, 2004, was notarized outside the presence the Plaintiffs and a result of void eb initio and totally unenforceable.**

The Mechanic's Lien with Power of Sale dated March 4, 2004 and notarized by Sharon K. Bostwick, which has been marked Exhibit "A" contains the following statement: "This instrument was acknowledge before me on the 4th day of March, 2004 by John K. Broquet and Melissa Ann Broquet."  Totally denied (*See Affidavit P. 1*) in the affidavit of Melissa Broquet, in her uncontroverted Affidavit in which she state that they never seen, have never met, have never appeared and have never acknowledge in the presence of Sharon Bostwick, or anyone else, the Mechanic's Lien with Power of Sale dated March 4, 2004, without equivocation she state in her Affidavit that this is false, untrue and an outright lie. *The Texas State Notary Handbook revived in 1984, distributed by the State Bar of Texas, on Page 17, No. 5*, specifically states that notaries are prohibited from notarizing a

6

document without the signer being in their presence. These rules apply not only to Texas, but throughout most of the States of this Union. A fully detail analysis and its applicability and the effects of violating it are analyze in the John Marshall Law Review Article by Charles Maferber Article entitled "Being There" the Importance of Physical Presence to the Notary. The conclusion of the affect of the failure to comply with this rule is that it voids the document eb initio and makes it totally unenforceable. The Affidavit of Melissa Broquet clearly overcomes the presumption that the acknowledgment of Exhibit "A" is genuine. The Affidavit of Melissa Broquet is clear and unmistakable proof that neither she nor her husband appeared before purported notary Sharon K. Bostwick on the 4th day of March 2004 and acknowledged the instrument marked Exhibit "A".

**2.      Exhibit "B" the Mechanic's Lien with Power of Sale dated April 30, 2004, was supposedly a corrective deed containing signature of Melissa Broquet and John Broquet, forged without the permission and authorization of the Plaintiffs, without their permission and authorization, is void.**

The Mechanic's Lien with Power of Sale dated April 30, 2004 and notarized by Sharon K. Bostwick, which has been marked Exhibit "B" contains the following statement: "This instrument was acknowledge before me on the 30th day of April,

7

2004 by John K. Broquet and Melissa Ann Broquet." Totally denied in the affidavit of Melissa Broquet, in her uncontroverted Affidavit in which she state that they never seen, have never met, have never appeared and have never acknowledge in the presence of Sharon Bostwick, or anyone else, the Mechanic's Lien with Power of Sale dated April 30, 2004, without equivocation she states in her Affidavit that this is false, untrue and an outright lie and that the signatures contained in Exhibit "B" are also false and were forged without the permission and authority of her and John Broquet. *The Texas State Notary Handbook revived in 1984, distributed by the State Bar of Texas, on Page 17, No. 5*, specifically states that notaries are prohibited from notarizing a document without the signer being in their presence. These rules apply not only to Texas, but throughout most of the States of this Union. A fully detail analysis and its applicability and the effects of violating it are analyze in the John Marshall Law Review Article by Charles Maferber Article entitled "Being There" the Importance of Physical Presence to the Notary. The conclusion of the affect of the failure to comply with this rule is that it voids the document eb initio and makes it totally unenforceable. The Affidavit of Melissa Broquet clearly overcomes the presumption that the acknowledgment of

**8**

Exhibit "A" is genuine.   The Affidavit of Melissa Broquet is clear and unmistakable proof that neither she nor her husband appeared before purported notary Sharon K. Bostwick on the 30th day of April 2004 and acknowledged the instrument marked Exhibit "B".

**3.      The Court erred in granting the various motions and judgments based on the Defendants assertion that they had standing and therefore the Court had jurisdiction basing said claims upon documents that were not notarized in the presence of the Plaintiffs and in one, where the signature of the Plaintiffs were forged without their authority or permission, which deprives the Defendants of standing and the Court of subject matter jurisdiction.**

It is clear from the uncontroverted Affidavit of Plaintiff Melissa Broquet, which clearly and unmistakably proves that she never acknowledged Exhibit "A" or that she has never met, seen or appeared before the purported notary named in Exhibit "A".  This statement is clearly without equivocation.  Additionally, in her Affidavit, she states under oath that someone forged her signature through Exhibit "B" and that she never appeared to acknowledge instrument "B".  It has been long established precedent that forged documents are void eb initio.  *See Dwairy v. Lopez, 243 S.W.3d 710, 712 (Tex.App.-San Antonio 2007, no pet.)* And when a

**9**

document is void eb initio, it is as if it did not exist because it has no effect from the onset. Therefore, it cannot be assigned and does not give the purported assignee standing to bring any action in Court to enforce it since it is void eb initio, it never existed and is totally unenforceable. In light of all of the above, the Defendants did not have standing to enforce an Arbitration Agreement, to sue on a void note or to enforce the Mechanic's Lien with Power of Sale, the void instrument did not have standing and as a result therefore, the Court did not have subject matter jurisdiction. "Standing is a constitutional prerequisite to maintaining a suit under Texas law. *Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993).* Standing, as a necessary component of the court's subject-matter jurisdiction, cannot be conferred by consent or waiver and be raised for the first time on appeal. *Id. at 443*; *see Mapco, Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990)*; *In re Guardianship of Erickson, 208 S.W.3d 737, 740 (Tex.App.- Texarkana 2006, orig. proceeding).* When standing is challenged for the first time on appeal, appellate courts 'must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing. '[3] Tex. Ass'n of Bus., 852 96\*96 S.W.2d at 446.* We review do novo a challenge to a party's standing. *Tex. DOT v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex.2004).*"

**10**

## CONCLUSION

Once everything is said and done and one realizes what the Defendants got out of their lies, fraud and criminal actions, one recalls a statement told to counsel back in the 1970s regarding Jim Walter Homes. If they have a chance to lie, instead of tell the truth, to construct things badly rather than in a good and workmanlike manner, you can count on them to lie, exaggerate and do things badly. Just be taking the time to see what they did in two (2) exhibits, you can well imagine what they did to the Plaintiffs' house. What we are asking this Court is to teach this company the old Texas adage, "Pigs get fat, hogs get butchered and loss some very essential organs."

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs-Appellant MELISSA BROQUET AND JOHN BROQUET respectfully prays that this Honorable Court:

A. Hold that the Defendants did not have standing to assert any of the affirmative relief granted and as a result, the Court did not have subject matter jurisdiction over the counter-claims and reverse the judgments entered in this cause and for all other relief either in law or in equity to which they may be justly entitled.

**11**

# CERTIFICATION

The undersigned certifies that he has reviewed the foregoing Petition and concluded that every factual statement in the Petition is supported by competent evidence included in the Appendix to the Petition filed contemporaneously herewith, or in the Record.

Respectfully submitted,

**The Law Office of Hector P. Gonzalez, P.C.**
202 East Saint Joseph Ave.
San Diego, Texas 78384
Tel: (361) 279-7161
Fax☹361) 279-7191
E-Mail**: hpg_law@yahoo.com**


By_ */s/ Hector P. Gonzalez*
Hector P. Gonzalez
State Bar No. 08127000

**Attorney for Relators**
**Melissa and John Broquet**

12

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded, on this the 2nd day of March, 2015, to the counsel of record for each of the parties.

***Via Facsimile (361) 888-9149***
Jordan, Hyden, Womble, Culbreth &Holzer
Kenneth Culbreth

*/s/ Hector P. Gonzalez*
Hector P. Gonzalez

**13**