80,342-03

Charles Cleveland Nowden
TDCJ #01780278
Alfred D. Hughes Unit
Route 2, Box 4400
Gatesville, Texas 76597

RECEIVED IN
COURT OF CRIMINAL APPEALS

TEXAS COURT OF CRIMINAL APPEALS
Abel Acosta Clerk
P.O. BOX 12308 Capitol Station
Austin, Texas 78711

MAY 31 2016

Abel Acosta, Clerk

RE: Charles Cleveland Nowden, State Writ NO. C-297-010752-1182411-C

Dear Clerk:

I do not have a writ No, for the the Court of Criminal Appeals at this time because the District Court dismissed my 11.07 application on the 10th day of May, 2016, and I have not received a white card. Please apply the writ number to the motion that is enclosed and please file it with your office, enclosed is the original and copies of the applicant's motion for a quorum to rule on his 11.07 and issue its opinion as to a void judgment, and show that the rules of subsequent application does not apply. Please return a copy of the motion to me in the envelope provided bearing your office file-stamp at your earliest convenience.

Sincerely,

Charles Cleveland Nowden
Applicant

## IN THE TEXAS
## COURT OF CRIMINAL APPEALS

EX PARTE

§ CCA WRIT NO.

§ STATE WRIT NO. C-297-010752-1182411-C

CHARLES CLEVELAND NOWDEN
Applicant

§

## MOTION FOR A QUORUM TO RULE ON HIS 11.07 AND ISSUE ITS OPINION AS TO A VOID JUDGMENT, AND SHOW THAT THE RULES OF SUBSEQUENT APPLICATION DOES NOT APPLY TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

**COMES NOW** Charles Cleveland Nowden, the applicant, pro se, and respectfully files this motion for a quorum to rule on his 11.07 and issue its opinion as to a void judgment, and show that the rules of subsequent application does not apply.

The Applicant also incorporates his original petition, memorandum and State's Response herein the foregoing statement of the facts and proceedings and by this referece make same a part hereof as though each and everything contained therein was reprinted here verbatim.

Applicant will show this Court as follows:

## I.
## Applicant Is Requesting That A Quorum Rule And Issue Its Opinion

The Applicant is requesting that a quorum rule on his 11.07 writ of habeas corpus and issue its opinion. Under Texas Constitution Art.V, §6 and the Texas Government Code §22.222(a) require that Texas Appellate Courts sit in panels of at least three justices for the purpose of deciding a case. Art.V, §6 provides that Courts of Appeal may sit in sections and that " the

concurrence of a majority of the judges sitting in a section is necessary to decide a case." Likewise, §22.222(a) provides that each Court of appeals may sit in panels of not fewer than three justice for the purpose of hearing cases, the applicant is requesting that three justice rule on his 11.07 writ of habeas corpus for the purpose of hearing this case, and issue a writting opinion.

## II.
## The Terms Of The 297th District Court Which Is Set By Texas Legislature

That the time of applicant's trial this statue was in effect:

Pursuant to the provisions of Tex.Gov't.Code Ann.§24.474.(b) The **First Mondays in January,April,July and October.** Acts 1985,69th Leg., ch.480,Sec.1, eff. Sept. 1,1985. Amened by Acts 2003, 78th Leg., ch.21,Sec.2 eff. Sept.1,2003.

## III.
## The Trial Proceedings That Were Held At a Time Not Authorized By Law

The Trial Court records of this cause reflects that the applicant's trial was held from the **14th through the 18th of November of 2011,** a period not authorized by Texas Law, making the judgment in the 297th District Court **void** because it was rendered out of term, and had no capacity to act as a Court. See **Mapco, Inc., V. Forrest,**795 S.W.2d 700,703(Tex.1990).

## IV.
## The Court And State Admitted The Judgment Is Void

The Court And State does not deny the fact that the judgment is **void** in fact on page 5 of the State's Response, the State admitted that the Court proceedings were held at a time not authorized by law, and stated that "the statutes that were in effect at the time of applicant's trial. And the District Court also agreed to the fact that the conviction is **void.**

# V.
## Void Conviction

This Court has stated " A void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment." It is entitled to no respect whatsoever because it does not effect, impair, or create legal rights. See **State ex rel. Eidson V. Edwards,** 793 S.W.2d 1,5(Tex. Crim.App.1990). This Court also stated that " when a defect in the conduct of a proceedings is challenged, **a collateral attack by habeas corpus may be invoked only where the error renders the proceedings absolutely void.** See **Ex parte Shields,** 550 S.W.2d 670(Tex.Cr.App.1976). In this case applicant's trial.

# VI.
## Subsequent Application Does Not Apply To Void Judgment

Subsequent Application under Tex.Code Crim.Proc.art. 11.07,§4. Does not apply because the judgment is void from the beginning and in attended by none of the consequences of a valid judgment. See **Ex parte Spaviding,** 687 S.W.2d at 745(Teague, J. concurring). The District Court and the State is asking this Court of Criminal Appeals to rule against its own ruling and make a void judgment valid, and entitled it to the same respect as a valid judgment and apply the same rule pursuant article 11.07,§4 of the Texas Code and Procedure by asking this Honorable Court to dismiss applicant's 11.07 as subsequent writ.

Applicant has shown that subsequent writ bar does not apply under Tex.Code Crim.Proc.art. 11.07,§4, failed because it does not apply to a void judgment, the applicant is only asking this Honorable Court to follow the law, which shows that applicant's habeas corpus should be granted as a matter of law. See Exhibit "A".

## VII.
## CONCLUSION

The applicant has shown that the error of the trial Court in rendering, entering and signing the judgment in this case on November 18,2011, as recited therein, because said date is out of the term time of the Court, and said judgment is therefore wholly null and void. And this Court has stated that a void judgment is a nullity from the beginning, and is attended by none of the consequences of a valid judgment, so therefore the judgment in this case is entitled to no respect whatsoever because it does not effect, impair, or create legal rights. And subsequent application rules does not apply to the void judgment in this case.

**WHEREFORE,** premises considered, the Applicant prays that this Court **GRANT** his 11.07 application for writ of habeas corpus, and **ORDER** the District Court to hold a New Trial in term time.

Respectfully Submitted,

Charles Cleveland Nowden
Applicant

## CERTIFICATE OF SERVICE

A true copy of the above has been mailed to the 297th Judicial District Court of Tarrant County, and to: Andrea Jacobs, Assistant Criminal District Attorney, address to: 401 West Belknap St., Fort Worth, Texas 76196, on this 27 day of May,2016.

Charles Cleveland Nowden
Applicant

EXHIBIT "A"

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY, TEXAS

MAY 11 2016

TIME_____*8:07 am*_____
BY_____*MJL*_____ DEPUTY

NO. C-297-010752-1182411-C

| | | |
|---|---|---|
| EX PARTE | § | IN THE 297th JUDICIAL |
| | § | |
| | § | |
| | § | DISTRICT COURT OF |
| | § | |
| CHARLES CLEVELAND | § | |
| NOWDEN | § | TARRANT COUNTY, TEXAS |

## FINDINGS AND ORDER

The Court finds that the application of CHARLES CLEVELAND NOWDEN ("Applicant") does not meet the requirements for consideration as a subsequent application for writ of habeas corpus. This Court recommends that it be **DISMISSED AS A SUBSEQUENT APPLICATION** pursuant to article 11.07, §4 of the Texas Code of Criminal Procedure. The Court further orders and directs:

1.    The Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2.    The Clerk of this Court to furnish a copy of the Court's findings to Applicant, Mr. Charles Cleveland Nowden, TDCJ-ID# 01780278, Hughes Unit, Route 2, Box 4400, Gatesville, Texas 76597, and to the post-conviction section of the Criminal District Attorney's Office.

SIGNED AND ENTERED this ___*10*___ day of ___*May*_____, 2016.

_____
JUDGE PRESIDING

les Cleveland Nowden
#01780278
d D. Hughes Unit
e 2, Box 4400
sville, Texas 76597



 **UNITED STATES POSTAL SERVICE.**

*Retail*

# F

**US POSTAGE PAID**

# $3.02

Origin: 76017
Destination: 78711
0 Lb 5.40 Oz
May 28, 16
4603370017-16

1023

## USPS FIRST-CLASS MAIL ®

B100

## USPS TRACKING NUMBER



9500 1134 6106 6149 4152 15

COURT OF CRIMINAL APPEALS OF Texas
P.O. BOX 12308 CAPITOL STATION
Austin, Texas 78711