**Motion for En Banc Reconsideration Denied and State's Motion for Extension of Time Denied as Moot on August 9, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00426-CV

### ERNEST ADIMORA-NWEKE, Appellant

### V.

### HANNAH OLIVIA YARBROUGH, Appellee

**On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2019-17921**

## ORDER

In this case, we issued a memorandum opinion on May 13, 2021. Later that day, appellant Ernest Adimora-Nweke filed his first motion for rehearing. On May 18, 2021, the court denied the motion without making any changes to the opinion. The next day, May 19, 2021, appellant filed both a motion for rehearing and motion for en banc reconsideration. Appellant's second motion for rehearing and first request for en banc reconsideration were reviewed and decided by the entire

court. On June 8, 2021, the court denied both of those motions, again without making any changes to the original panel opinion. Later that same day, on June 8, 2021, appellant again filed a motion for rehearing and motion for en banc reconsideration.

Appellant's June 8, 2021 third motion for rehearing and second motion for en banc reconsideration requests the same relief as the previously filed motions, and are identical in the recitation of the "Statement of the Case," "Statement of Jurisdiction," "Statements of Facts," "Summary of the Argument," and "Argument" sections; the only difference in the current set of motions is the addition of approximately five pages to appellant's "Reasons for Rehearing & En Banc Reconsideration" section, in which appellant now alleges that "[t]he judges in this 14th court of appeals, and the trial court are wrong, and they know. Yet, they continue to disregard their sworn professional and constitutional duties, perpetuate invidious discrimination, sever [sic] monetary damages and irreparable harm against Appellant by affirming void judgments and orders." However, as the court has previously declared, "[t]he appellate courtroom is not the forum to vent personal grievances against the trial judge that decided the case or the appellate panel that reviewed it." *Gleason v. Isbell*, 145 S.W.3d 354, 360 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (Frost, J., concurring and dissenting).

The Texas Rules of Appellate Procedure provide that, after an earlier motion for rehearing is decided, a further motion for rehearing may be filed within fifteen days if the court: (1) modifies its judgment; (2) vacates its judgment and renders a new one; or (3) issues an opinion in overruling a motion for rehearing. Tex. R. App. P. 49.5. None of these conditions occurred when appellant's initial motion for rehearing was ruled upon, or when appellant's second set of motions for rehearing and en banc reconsideration were ruled upon. Therefore, appellant's current

motions for rehearing and en banc reconsideration are a nullity. *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 702 (Tex. 1990) ("A second motion for rehearing not authorized by the rules is a nullity even if the court of appeals rules on it."); *El Paso Ref., Inc. v. Scurlock Permian Corp.*, 77 S.W.3d 374, 377 (Tex. App.—El Paso 2002, pet. denied); *see also Fagan v. Crittenden*, No. 10-04-00042-CV, 2005 WL 1174229, at *1 (Tex. App.—Waco May 18, 2005, no pet.) (per curiam).

For these reasons, we dismiss appellant's motion for en banc reconsideration.[1]

/s/    Margaret "Meg" Poissant
        Justice

En Banc Panel consists of Chief Justice Christopher and Justices Wise, Jewell, Bourliot, Zimmerer, Spain, Hassan, Poissant, and Wilson.

---

[1] Because we are also denying appellant's motion for rehearing, we deny as moot the State's motion for extension of time to file a response to appellant's motions.