**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00361-CV**
_____

**IN THE INTEREST OF J.R.T.**

_____

**On Appeal from the County Court at Law No. 3**
**Montgomery County, Texas**
**Trial Cause No. 11-06-06413-CV**
_____

**MEMORANDUM OPINION**

After a jury trial, Appellant M.P. ("Mayra")[1] appeals the trial court's order terminating her parental rights to her minor daughter J.R.T. ("Jenny"), who was a few weeks shy of her sixteenth birthday at the time of trial. In two issues, Appellant argues that the trial court lost jurisdiction over the case prior to the jury trial for failure to make required findings and by failure to enter an order prior to the dismissal date, which renders the trial court's final orders void. Appellee, the Department of Family and Protective Services ("the Department"), agrees. For

---

[1] To protect the identities of the minors, we use pseudonyms to refer to the children and their family members. *See* Tex. R. App. P. 9.8(b)(2).

1

reasons explained herein, we vacate the trial court's Final Order Affecting the Parent-Child Relationship and dismiss the underlying case, without prejudice to the Department's rights.

Background

On May 17, 2019, the Department filed a Petition to Modify in trial cause number 11-06-06413[2] seeking temporary managing conservatorship of Shirelle, who was then fifteen years old. The petition named Mayra and Paul as Shirelle's parents, and the Department sought termination of both Mayra's and Paul's parental rights to Shirelle. The petition was supported by an affidavit by a Child Protective Services ("CPS") worker and representative, stating that on May 10, 2019, the Department received a referral alleging physical abuse of Jenny by Mayra. The affidavit also stated that the home was in "horrendous[]" condition, including having no working toilet, Mayra had kicked Shirelle out of the house, Shirelle also reported abuse by Mayra, and Mayra had a history of drug and alcohol abuse and family violence. The affidavit reported that Mayra also had a history of criminal charges

---

[2] Trial cause number 11-06-06413 commenced on June 9, 2011, when the Office of the Attorney General filed a Petition to Establish the Parent-Child Relationship. The petition sought to determine parentage of Mayra's daughter Shirelle, who was then almost nine years old. On October 13, 2011, the trial court signed an Order Establishing the Parent-Child Relationship that found Paul was Shirelle's father.

and CPS cases. According to the affidavit, the whereabouts of Shirelle's father Paul was unknown.[3]

The same day, in trial court cause number 14-10-11129, the Department filed an Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship seeking temporary managing conservatorship of Jenny, who was then thirteen years old. The petition named Mayra and Donald as Jenny's parents and sought to terminate Mayra's parental rights to Jenny.[4]

On June 6, 2019, the Department was named temporary managing conservator of Shirelle and Jenny, the court consolidated the two cases into cause number 11-06-06413-CV, and the court set a dismissal date for both cases as June 8, 2020. Also, on June 6, 2019, the trial court signed an order consolidating the causes. The trial court signed a Temporary Order Following Show Cause Hearing on August 1, 2019 appointing the Department temporary managing conservator of Shirelle. On August 1, 2019, the trial court signed an order setting the dismissal date as June 8, 2020.

---

[3] On October 29, 2020, Paul signed an Affidavit of Voluntary Relinquishment of Parental Rights. Paul is not a party to this appeal, and we discuss him only as necessary.

[4] Donald passed away in September 2015.

3

On May 1, 2020, the parties attempted mediation but did not settle, and Mayra filed a request for jury trial. The trial court signed an order retaining the suit on its docket, which read in relevant part:

> On June 10, 2020, a hearing was held in this case. The Court finds that the Texas Supreme Court has entered emergency orders regarding COVID-19 that are applicable to this case. The Court further finds that this County is currently under a state of disaster and the Courts have been affected by the disaster[.] Pursuant to the Supreme Court Emergency Order, the Court finds good cause to extend the dismissal deadline in this case. IT IS THEREFORE ORDERED, pursuant to the Supreme Court's Emergency Orders, that this suit is retained on the Court's docket, that the Department is retained as Temporary Managing Conservator of the children the subject of this suit, and that a new dismissal date is hereby set at December 7, 2020. IT IS THEREFORE ORDERED, pursuant to the Supreme Court's Emergency Orders, that this suit is retained on the Court's docket, that the Department is retained as Temporary Managing Conservator of the children the subject of this suit, and that a new dismissal date is hereby set as December 7, 2020.
> . . .
> ORDERED on June 10, 2020 and SIGNED on 8/6/2021[].

A docket notation dated June 10, 2020 stated, "General extension granted and dismissal 12/7[.]" The court subsequently granted three additional extensions: (1) on March 1, 2021, the trial court set a new dismissal date of May 10, 2021; (2) on April 30, 2021, the trial court set a new dismissal date of September 2, 2021; and (3) on September 1, 2021, the court gave "a COVID extension[]" and set the date for trial at "either 10/18/21 or 10/25/21[.]"

A jury trial was held October 18 through 20, 2021. The jury found that termination of Mayra's parental rights to Jenny was in Jenny's best interest and there

were five predicate statutory bases for termination, including endangerment, constructive abandonment, and failure to comply with a court-ordered family service plan.[5] On October 29, 2021, the trial court signed a Final Order Affecting the Parent-Child Relationship, adopting the jury's findings, finding termination of Mayra's parental rights to Jenny was in Jenny's best interest, and finding five predicate statutory bases for termination. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), (P), (2). Mayra timely appealed.

### Issues

Appellant raises two issues on appeal, both of which challenge the trial court's jurisdiction. In her first issue, she argues that the trial court failed to make the findings required in section 263.401 of the Family Code in its June 10, 2020 order. In her second issue, she argues that the trial court failed to "enter an order" pursuant to Texas Family Code Section 263.401 to extend its jurisdiction until June 10, 2020, which was after the automatic statutory dismissal date of June 8, 2020, and the trial court's judgment was void because the trial court lost jurisdiction. In Appellee's brief, the Department agrees that the trial court's order extending the dismissal deadline was not "rendered or entered" until after the automatic dismissal deadline

---

[5] At the time of trial, Shirelle was eighteen years old, and the jury trial did not address Mayra's parental rights to Shirelle.

had passed and that the trial court lost jurisdiction to terminate Mayra's parental rights.

Analysis

We review a challenge to the trial court's subject-matter jurisdiction de novo. *See Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). An order resulting from judicial action that is rendered after the trial court loses jurisdiction is void. *See In re A.F.*, No. 02-19-00117-CV, 2019 Tex. App. LEXIS 8563, at *27 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.). Despite the Department's concession, we must analyze the jurisdictional question because subject-matter jurisdiction is a power that "'exists by operation of law only, and [it] cannot be conferred upon any court by consent or waiver.'" *In re E.S.*, No. 12-21-00057-CV, 2021 Tex. App. LEXIS 6153, at **2-3 (Tex. App.—Tyler July 30, 2021, no pet.) (mem. op.) (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *In re X.A.F.*, No. 07-19-00443-CV, 2020 Tex. App. LEXIS 4215, at *2 (Tex. App.—Amarillo June 1, 2020, no pet.) (mem. op.)).

Section 263.401(a) and (b) of the Texas Family Code states

(a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without

6

a court order. Not later than the 60th day before the day the suit is automatically dismissed, the court shall notify all parties to the suit of the automatic dismissal date.

(b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:
(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);
(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and
(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

Tex. Fam. Code Ann. § 263.401(a), (b). In other words, a trial court automatically loses jurisdiction in a termination of parental rights case brought by the Department if the trial court does not commence a trial on the merits or grant an extension by the dismissal deadline. *See id.*; *In re Z.S.*, 631 S.W.3d 313, 315 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

The Supreme Court of Texas has permitted courts to modify the deadlines and procedures in section 263.401(a) due to the COVID-19 state of emergency. *See In re K.T.S.N.*, No. 01-21-00456-CV, 2022 Tex. App. LEXIS 123, at **15-16 (Tex. App.—Houston [1st Dist.] Jan. 11, 2022, pet. denied) (mem. op.). Relevant to this

case, on May 26, 2020, the Supreme Court signed its *Seventeenth Emergency Order Regarding the COVID-19 State of Disaster*, which permitted courts to modify or suspend deadlines for a period not to exceed 180 days for cases under Subtitle E, Title 5 of the Family Code. *See* 609 S.W.3d 119 (Tex. 2020). This order expired on July 31, 2020. *See id.* The Court subsequently signed other emergency orders permitting trial courts to extend cases previously retained under a prior emergency order for an additional period not to exceed 180 days.[6]

To compute the automatic dismissal date, we begin by determining when the trial court "rendered a temporary order appointing the [D]epartment as temporary managing conservator" of Jenny. *See* Tex. Fam. Code Ann. § 263.401(a). The Family Code provides that "'[r]ender' means the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument." *See id.* § 101.026. The reporter's record reflects that the trial court ordered the appointment of the Department as temporary managing

---

[6] *See Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 863 (Tex. 2020) (effective Nov. 11, 2020, and expiring on Feb. 1, 2021); *Twenty-Sixth Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 135 (Tex. 2020) (effective Oct. 1, 2020, and expiring Dec. 1, 2020); *Twenty-Second Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 129 (Tex. 2020) (effective Aug. 6, 2020, and expiring Sept. 30, 2020); *In re Eighteenth Emergency Order Regarding the COVID-19 State of Disaster*, 609 S.W.3d 122 (Tex. 2020) (effective June 29, 2020, and expiring Aug. 31, 2020).

conservator of both Shirelle and Jenny in a hearing on June 6, 2019. Therefore, the automatic dismissal date was the first Monday following the first anniversary date, which would have been June 8, 2020. The record reflects that the trial court's order extending the dismissal date was rendered two days after the automatic dismissal date.

A trial court's failure to timely extend the automatic dismissal date before that date passes is jurisdictional. *See In re G.X.H.*, 627 S.W.3d 288, 301 (Tex. 2021); *In re A.M.*, No. 07-19-00391-CV, 2020 Tex. App. LEXIS 2128, at *6 (Tex. App.—Amarillo Mar. 11, 2020, no pet.) (mem. op). While the Supreme Court's emergency orders allow a trial court to extend the dismissal date for cases under section 263.401, the emergency orders do not suggest that a trial court that has already been divested of jurisdiction may extend the dismissal date. *See In re J.R.*, 622 S.W.3d 602, 606 n.3 (Tex. App.—Fort Worth 2021, orig. proceeding); *A.M.*, 2020 Tex. App. LEXIS 2128, at *7 ("[O]nce a trial court loses jurisdiction following the automatic dismissal of section 263.401, jurisdiction cannot be revived through a subsequent order.") (citing *In re K.B.*, No. 09-19-00239-CV, 2019 Tex. App. LEXIS 10570, at **8-9 (Tex. App.—Beaumont Dec. 5, 2019, no pet.) (mem. op.)).

A judgment is void when it is apparent that the court rendering judgment had "no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores, Inc.*

*v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (citation omitted); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (defining a void judgment as one rendered when a court has no jurisdiction over parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court); *A.M.*, 2020 Tex. App. LEXIS 2128, at *7 (same). When an appeal is taken from a void judgment, an appellate court lacks jurisdiction to consider the merits of the appeal, but it has jurisdiction to declare the judgment void and dismiss the case. *See A.M.*, 2020 Tex. App. LEXIS 2128, at **7-8; *see also In re X.A.F.*, 2020 Tex. App. LEXIS 4215, at **2-3 (concluding the judgment in a parental-rights-termination case was void where the trial court commenced trial one day after the deadline imposed by section 263.401).

We conclude that the trial court automatically lost jurisdiction over the Department's underlying suit because on June 8, 2020, it had not commenced trial on the merits or granted an extension according to section 263.401(a). Therefore, the trial court's Final Order Affecting the Parent-Child Relationship terminating Mayra's parental rights to Jenny is void and without effect. *See id.* We sustain Appellant's second issue, and we need not address Appellant's first issue. *See* Tex. R. App. P. 47.1. We vacate the trial court's Final Order Affecting the Parent-Child Relationship and dismiss the underlying case, without prejudice to the Department to refile. *See* Tex. R. App. P. 43.2(e).

VACATED AND DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on March 1, 2022
Opinion Delivered March 17, 2022

Before Kreger, Horton and Johnson, JJ.