# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00771-CV

**Crae Robert Pease, Appellant**

**v.**

**4300 Burch, LLC and Lawrence Mathis, Appellees**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-24-004625, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is the latest dispute concerning title to real property located at 4300 Burch Drive in Del Valle. Crae Robert Pease sued 4300 Burch, LLC and Lawrence Mathis (collectively, 4300 Burch) to collaterally attack an underlying judgment from 2017, which declared 4300 Burch the rightful owner of the real property. In this appeal, Pease challenges the trial court's judgment dismissing his suit under Texas Rule of Civil Procedure 91a. We affirm.

## BACKGROUND

This Court described the factual background of this dispute in *Andrews v. 4300 Burch LLC*, No. 03-23-00444-CV, 2024 WL 3279559, at \*1 (Tex. App.—Austin July 3, 2024, no pet.) (mem. op.):

> In 2016, 4300 Burch purchased the Property from Jae H. Yoo and Jung H. Yoo subject to a vendor's lien. The Yoos subsequently attempted to foreclose on the lien. 4300 Burch sued alleging that the Yoos violated the Deceptive Trade Practices

Act (DTPA) by failing to disclose that the Property was under a stop-work order issued by the City of Austin. A Travis County district court entered a final judgment declaring 4300 Burch the rightful owner of the Property and restraining the Yoos from foreclosing upon it ("2017 Judgment"). This Court dismissed the Yoos' appeal as untimely. *Yoo v. 4300 Burch, LLC*, No. 03-17-00701-CV, 2018 WL 700916, at *2 (Tex. App.—Austin Feb. 2, 2018, no pet.) (mem. op.).

In May 2018, the Yoos purported to assign their interest in the property, if any, to Andrews. After executing that assignment, the Yoos filed an equitable bill of review in the district court seeking to set aside the 2017 Judgment. *Andrews v. 4300 Burch, LLC*, No. 03-20-00580-CV, 2021 WL 955275, at *1 (Tex. App.—Austin Mar. 12, 2021, pet. denied) (mem. op.). The district court granted 4300 Burch's motion for summary judgment and dismissed the suit. *Id.* Andrews filed notice of appeal, but the Yoos did not. *Id.* This Court dismissed her appeal because she was not a party of record. *Id.* at *2.

In that case, Andrews sought declaratory judgment that the underlying 2017 judgment was void, but the trial court dismissed her claims under Rule 91a, and this Court affirmed. *Andrews*, 2024 WL 3279559, at *2.

In April 2024, Andrews purported to assign her interest in the property, if any, to her son, Pease. Pease then sued 4300 Burch to collaterally attack the same underlying judgment. 4300 Burch filed a Rule 91a motion to dismiss, and Pease amended his pleadings to assert claims for quiet title, declaratory judgment, fraud, and fraudulent misrepresentation. His live petition asks the trial court to enter judgment that the 2017 judgment, which he refers to as "a title impediment," is void. 4300 Burch filed a second Rule 91a motion to dismiss, and Pease responded. After a hearing, the trial court granted the motion and dismissed the suit. This appeal followed.[1]

### LEGAL STANDARDS

Rule 91a allows a party to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in law if the

---

[1] 4300 Burch has not filed an appellate brief.

allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* In ruling on a Rule 91a motion, a court "may not consider evidence but 'must decide the motion based solely on the pleading of the cause of action, together with any [permitted] pleading exhibits.'" *In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) (quoting Tex. R. Civ. P. 91a.1). We review the merits of a Rule 91a motion de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020).

Pease proceeds pro se. Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards as litigants who are represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To hold otherwise would give pro se litigants "an unfair advantage over litigants represented by counsel." *Id.* at 185.

## DISCUSSSION

In seven issues on appeal, Pease challenges the trial court's judgment dismissing his suit under Rule 91a. He argues that the trial court erred by (1) not recusing itself upon Pease's request, (2) declining to make a record of the Rule 91a hearing, (3) permitting counsel for 4300 Burch to argue longer than Pease at the Rule 91a hearing, and (4) receiving "ex parte communication" from 4300 Burch's counsel. Pease also contends that (5) the Rule 91a motion did not demonstrate that his claims have no legal or factual basis, and (6) the trial court had no discretion to examine exhibits attached to the Rule 91a motion. Finally, Pease maintains that (7) he was denied due process. Because many of Pease's issues lack citation to the record or legal authority, he has waived those issues on appeal due to inadequate briefing. *See* Tex. R. App. P. 38.1. Nonetheless, we attempt to address Pease's issues as best as we can. *See Henderson*

3

*v. Armbrust & Brown, PLLC*, No. 03-24-00509-CV, 2025 WL 492506, at *3 (Tex. App.—Austin Feb. 14, 2025, no pet.) (mem. op.) (attempting to address pro se appellant's issues "as best as we can").

## I.        Trial court judge's recusal

Pease complains that the trial court judge did not recuse herself upon his request. Specifically, he says that when he noticed Judge Soifer had been assigned to hear 4300 Burch's Rule 91a motion, he "informed the clerk that [he] needed to recuse Judge Soifer because she signed the FINAL JUDGMENT order and she relayed my request to the judge." Pease then says that Judge Soifer "summarily refused" his "offer" to submit a written motion to recuse.

Because there is no instance in the record that establishes Pease filed a motion for recusal or that the trial court ruled on that motion, Pease has not preserved this issue for appellate review. *See* Tex. R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that [ ] the complaint was made to the trial court by a timely request, objection, or motion . . . .").

Further, even if Pease had preserved the issue, he failed to comply with the requirements of Texas Rule of Civil Procedure 18a, which provides for the recusal and disqualification of judges. *See* Tex. R. Civ. P. 18a. Rule 18a requires that a motion to recuse must be verified, must assert one or more of the grounds for recusal or disqualification listed in Rule 18b, must not be based solely on the judge's rulings in the case, and must state with detail and particularity facts that, if proven, would be sufficient to justify recusal or disqualification. *See id.* R. 18a(a). "The procedural requirements of Rule 18a regarding recusal are mandatory, and a party who fails to comply with them waives the right to complain of a judge's failure to recuse himself."

4

*Norton v. Phan*, No. 03-22-00002-CV, 2023 WL 4769530, at \*7 (Tex. App.—Austin July 27, 2023, no pet.) (mem. op.). Because Pease did not present the trial court with a motion to recuse that complies with what Rule 18a requires, his recusal issue is waived. *See id.*; *see also* Tex. R. Civ. P. 18a(j)(1)(A) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."). We overrule Pease's first issue.

## II.     Reporter's record

Next, Pease challenges the trial court's decision not to make a record of the Rule 91a hearing. Because Pease has not pointed to anywhere in the record where he preserved this issue for appellate review, it is waived. *See* Tex. R. App. P. 33.1(a).

However, even if Pease had preserved the issue, under Rule 91a a court can consider only the challenged pleading and any documents attached to the pleading that may be considered under Rule 59. *See* Tex. R. Civ. P. 59 (designating exhibits properly made part of pleading), 91a.6 ("Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59."). Pease has not alleged that the trial court refused to exclude any exhibits attached to the pleading. So even if this appeal included a reporter's record, the Court could not rely on it in determining whether the trial court erred in dismissing Pease's case under Rule 91a. *See, e.g.*, *Estate of De Chavez*, No. 08-23-00072-CV, 2024 WL 3090531, at \*1 n.1 (Tex. App.—El Paso June 21, 2024, pet. denied) (mem. op.) (declining to consider parties' arguments based on reporter's record in Rule 91a context); *Light v. Vistra Energy*, No. 10-18-00330-CV, 2021 WL 4777098, at \*2 (Tex. App.—Waco Oct. 13, 2021, no pet.) (mem. op.) ("[T]o the extent that [appellant] attempted to offer evidence at the hearing on

5

the Rule 91a motion to dismiss, the trial court was required to disregard it."). Pease's argument on this point thus lacks merit. We overrule Pease's second issue.

### III. Argument time

Pease also takes issue with the trial court's decision to permit 4300 Burch's counsel more time for argument at the Rule 91a hearing than he says he received. Again, because Pease has not pointed to anywhere in the record where he preserved this issue for appellate review, it is waived. *See* Tex. R. App. P. 33.1(a). Pease also has not identified, and we have not found, any authority requiring a trial court to give parties equal argument time at Rule 91a hearings. We overrule Pease's third issue.

### IV. "Ex parte communication"

Next, Pease contends that the trial court judge received "ex parte communication" from 4300 Burch's counsel, apparently referencing a footnote in 4300 Burch's motion to dismiss.[2] Pease argues that this footnote is a "deviation from inline cites of the previous five pages" and "is conclusive hard fact evidence that [4300 Burch's counsel] was passing secretive messages to Judge Soifer." Pease does not point to any other examples of alleged "ex parte communication" between 4300 Burch and the trial court.

---

[2] The footnote reads:

> Defendant Mathis was not a party to the Yoo Lawsuit, and therefore, no judgment was issued in his favor. Defendants further find it ironic that Dessie Andrews and Crae Pease make an argument about honor and honesty when coming to the courts, when Dessie Andrews has been declared a vexatious litigant, and now utilizes her own son to engage in nefarious and dishonest representations to the court.

Because Pease has not provided this Court with "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record" on this point, and because we cannot otherwise identify his intended argument on appeal, he has waived this issue. *See id.* R. 38.1(i). We overrule Pease's fourth issue.

### V.        Merits of the Rule 91a motion

In his fifth and sixth issues, Pease challenges the trial court's ruling on the merits of 4300 Burch's Rule 91a motion. He contends that the motion does not "state the causes of action" or "specifically the reasons that the causes of action have no basis in law or facts," such that it lacks "the necessary criteria" for and "does not meet the procedural requirements of" a Rule 91a motion. Relatedly, Pease argues that the trial court lacked the discretion to examine the exhibits attached to the motion and that the motion did not otherwise demonstrate that his claims have no basis in fact or law.

4300 Burch argued in its motion that Pease's claims have no basis in law or fact and should be dismissed under Rule 91a. The motion outlined its arguments for dismissal of the claims, including that Pease has attempted to challenge a 2017 final judgment in a case to which he was not a party and that Pease's "unclean hands" argument does not void the underlying judgment. Given the record, 4300 Burch's motion makes clear the ground for dismissal, and we disagree with Pease's contention that it lacks "the necessary criteria" for a Rule 91a motion. *See* Tex. R. Civ. P. 91a.2 ("A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both.").

Further, the trial court could have properly determined from the pleadings and motion—without examining the exhibits attached to the motion—that Pease's claims lack a legal basis. Pease's claims all rely on the premise that the 2017 judgment is void. However, "[a] judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Texas Windstorm Ins. v. Pruski*, 689 S.W.3d 887, 893 (Tex. 2024) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990)). Even accepting Pease's allegations as true, none of his arguments show that the court that rendered the 2017 judgment lacked jurisdiction to do so. Instead, Pease argues that the judgment is void "due to the respondents' unclean hands and frauds on the courts" which "resulted in a Final Judg[]ment which is an impediment on the title of 4300 Burch."

Pease has not explained how these facts would strip the court that rendered the 2017 judgment of its jurisdiction. *Cf. In re CenterPoint Energy Hous. Elec., LLC*, 629 S.W.3d 149, 154 (Tex. 2021) (orig. proceeding) ("As courts of general jurisdiction, district courts are presumed to have subject-matter jurisdiction over a dispute absent a showing to the contrary."). Nor has he explained how he can otherwise challenge a judgment that has already been fully litigated and to which he was not a party. *See Yoo*, 2018 WL 700916, at *2 (dismissing appeal from 2017 final judgment as untimely); *see also Andrews*, 2021 WL 955275, at *1–2 (holding Andrews lacked standing to pursue appeal of equitable bill of review brought by Yoos).

Because Pease's allegations, even if true, would not render the 2017 judgment void, the trial court did not err by dismissing Pease's suit under Rule 91a. We overrule Pease's fifth and sixth issues.

## VI.    Due process

Finally, Pease argues that if his pleadings had been "given due process" that he would have been entitled to the relief sought by his petition.  However, Pease does not identify how his due process rights were allegedly violated.  Pease has thus waived this issue.  *See* Tex. R. App. P. 38.1(i).  We overrule Pease's seventh issue.

Having overruled all of Pease's issues on appeal, we deny his request to impose sanctions on 4300 Burch's counsel.  Pease's pending motions to supplement the appellate record and for judicial notice are also denied.

## CONCLUSION

We affirm the trial court's judgment dismissing Pease's suit under Rule 91a.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   July 24, 2025

9